## LONG v. CITY OF AUSTIN.

### No. 10198.

Court of Civil Appeals of Texas.

Austin.

Feb. 17, 1954.

Sidney P. Chandler, Austin, for appellant.

W. T. Williams, Jr., City Atty., Robert L. Burns, Asst. City Atty., Austin, for appellee.

GRAY, Justice.

Appellant sued appellee, the City of Austin, in trespass to try title and for damages. She alleged that appellee without her knowledge or consent constructed an electric transmission line on her land, placed a support pole thereon and anchored the same to the ground by means of a guy wire and deadman; that valuable trees were cut and the brush and stumps were left on the land which she purchased for a home; that appellee's action rendered the land unfit for the purpose for which she bought it; that it would cost at least $50 to remove the brush cut by appellee; that appellee did not, and does not now, have the right to condemn her land because there had been an adequate right of way provided where the said transmission line could and should have been located. She prayed for damages because of the trespass, for judgment requiring the removal of the transmission line, pole and anchor from her land, and in the alternative prayed for judgment for the market value of her land at the time of the taking. Appellee answered, and by cross-action admitted appellant's ownership of the land and sought to condemn that portion then occupied by its transmission line; alleged that the line was constructed in 1947, and that appellee

"* * * at such time found it necessary to extend a transmission line from its electric light plant to and through the land hereinafter decribed and in the bona fide belief that it had been granted an easement and right to enter upon said land, placing one pole of wood thereon and is now maintaining said line thereon. However, if the City of Austin had been granted an easement to construct the transmission line, said easement has been lost and cannot be found, and it therefore becomes necessary for the City of Austin to appropriate an easement across the said land, said easement to be for the purpose of placing, constructing, operating, *repairing, maintaining,* repairing, maintaining, relocating and replacing therein an electric transmission line or system, including only one pole of wood and its appurtenances, and to cut and trim trees and shrubbery to the extent necessary to keep them clear of said electric line or system, and to cut down

from time to time all dead, weak or leaning trees that are tall enough to strike the wires in falling."

Appellee asked

"* * * that it be given an easement for the purposes set out above in the following strip of land: A strip of land ten (10) feet in width, * * * the center line of said strip of land ten (10) feet in width being more particularly described by metes and bounds as follows:

"Beginning at a point in the west line of the said Long tract and from which point of beginning the northwest corner of said tract bears N. 24° 44′ W. 80.5 feet;

"Thence N. 22° 28′ E. 91.32 feet to point of termination in the north line of the said Long tract, and from which point of termination the aforementioned northwest corner of said tract bears S. 80° 40′ W. 69.5 feet."

Appellee further alleged that it had been unable to agree with appellant as to damages, and filed a trial amendment wherein it sought an additional easement over appellant's land:

"Beginning at the northwest corner of the said Viola Long tract of land, thence N. 80° 40′ E. 69.5 feet to a point on the center line described in paragraph D above; thence south 22° 28′ W. 91.32 feet along the said center line to a point on the west line of the said Viola Long tract; and thence north 24° 44′ W. 80.5 feet to the northwest corner of the Long tract, the place of beginning;

for the sole and only purpose of placing and maintaining over said tract of land electric service lines."

These easements will be referred to as first and second easements.

Appellant filed her first supplemental petition whereby she excepted to appellee's pleadings because it was not alleged that the city council of appellee had determined by official action that the taking of her land is necessary for public use, and further alleged that in 1947, the transmission line was placed on her land without her knowledge and consent and at a time when there was available to appellee an adequate easement and right of way.

Appellant's land is located about 18 miles from the City of Austin, it is generally described as .58 of an acre, and the transmission line (constructed along the first easement) goes across a corner of the tract. The west line of the tract is 180 feet and the south line is 182 feet.

A trial to a jury was had and in answer to special issues the jury found: that in building the transmission line on appellant's land appellee's agents and servants did not act: (1) without reason; (2) arbitrarily; (3) unjustly; (4) that appellant was entitled to nothing as compensation for the "use" of her land; (5) that she was entitled to $50 for the value of trees cut; (6) that the value of appellee's land immediately before the transmission line was placed thereon was $900; (7) and immediately after its market value was $1,400. In answer to appellee's condemnation issues the jury found: (8) that immediately before the taking of the easement in November, 1947, the reasonable market value "of the portion of land, considered as severed land, covered by the easement herein involved" was $372.50; (9) that immediately after such taking such value was $500; (10) that immediately before the taking of the easement in November, 1947, the reasonable market value of the land, exclusive of the portion covered by the easement, was $527.50; and (11) that immediately after such taking its reasonable market value was $1,400. In connection with the condemnation issues the trial court instructed the jury:

"In this connection you are further instructed that the purposes for which the City of Austin is seeking an easement in the plaintiff's tract of land are for placing, constructing, operating, repairing, maintaining, relocating and replacing in the portion being condemned

an electric transmission line or system, including only one pole of wood and its appurtenances, and to cut and trim trees and shrubbery to the extent necessary to keep them clear of said electric line or system, and to cut down from time to time all dead, weak or leaning trees that are tall enough to strike the wires in falling."

A judgment was rendered overruling special exceptions and awarding appellee easements as prayed for in its cross-action and in its first trial amendment and followed the wording of those pleadings as quoted supra, and recited:

"The two easements hereinabove described are granted to the City of Austin in accordance with the verdict of the jury and in accordance with the provisions of Article 3269, Revised Civil Statutes."

Appellant was awarded a recovery of $50 and interest from date of judgment and costs.

A reading of the judgment (which contains the complete charge given to the jury by the trial court) reflects that no issue was submitted to the jury, and there is no jury finding, as to the second easement.

■ Art. 3269, Vernon's Ann.Civ.St., authorizes condemnation of property by cross-action in suits of the nature of the suit before us, and vests jurisdiction in the district court to determine the questions in dispute, but

"* * * it means that the court, in the exercise of its power, must require that every prerequisite of the Constitution be fully complied with before a person's property can be applied to public use." Brazos River Conservation and Reclamation Dist. v. Costello, 135 Tex. 307, 143 S.W.2d 577, 580, 130 A.L.R. 1220.

The judgment which refers to appellee's cross-action and to its first trial amendment, reflects that the second easement was an additional and independent ground of recovery plead by appellee. The court's charge (copied into the judgment) directed the jury's attention to the first easement, and asked the jury to find the reasonable market value of appellant's land immediately before and after "the taking" of the *easement* "in November, 1947." Issue 9 inquired as to the value "immediately after the easement was acquired in November, 1947."

■ As to the second easement there is a taking of, or at least an invasion of, appellant's property in violation of the Constitution of Texas, Art. 1, Sec. 17, Vernon's Ann.St.

Appellant complains that the trial court's judgment refusing any sum of money to her for the land taken is a taking of her land in violation of the Constitution. In reply to this point appellee says:

"* * * we submit that the construction of such line and the acquisition of an easement for the limited purposes stated in the judgment does not constitute a taking of property.

"The acquisition of such a carefully defined easement is merely a damaging of property for which a land owner is only entitled to monetary damages, if there has been a depreciation in market value of the portion of land occupied by the easement or in the remainder of the land. Stated differently, there is no taking of property unless there is an *appropriation* of the property by the condemning authority for its own use. The acquisition of an easement which does not divest the owner of title or right of use does not take his property."

We will notice this point in relation to the judgment and to issue 4, supra.

■ It is obvious that the two easements do not cross appellant's land along the same route. No request was made by appellee for the submission of any issue relative to the second easement. In this state of the record appellee waived that

ground of recovery. Rule 279, Texas Rules of Civil Procedure. Here appellant was resisting the condemnation of any easement across her land and if appellee, by failing to request issues on this independent ground of recovery, waived it, appellant could agree without being compelled to object to the failure to submit issues thereon and no waiver can be imputed to her because of such failure. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W. 2d 79. This unquestionably was the status of the record at the time the verdict of the jury was received. Thereafter when the trial court came to render judgment he could not render judgment awarding relief on an independent ground of recovery which had been waived, and a finding to support the judgment is not to be presumed as to such independent ground of recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. 2d 1084. The trial court had no authority to render a judgment awarding appellee the second easement. Texas Employers' Ins. Ass'n v. King, Tex.Civ.App., 244 S.W.2d 369; Texas Employment Commission v. Brasuell, Tex.Civ.App., 235 S.W.2d 950, error dism.

We have concluded appellant's point must be sustained as to the second easement, and will notice the jury's answer to issue 4.

It may be conceded that the evidence was conflicting as to the market value of appellant's land before and after the transmission line was constructed thereon as well as to the amount of damage resulting to the land by reason of such construction. It must be conceded that the land had a market value before the construction— the jury found such value to be $900. Further the evidence shows: that the line was constructed along the route of the first easement; that a support pole was placed on the land; that such pole was anchored to the ground by means of a guy wire to a deadman 22 feet distant from the base of the pole; that trees and brush were cut on the land to a width of 27 feet, and that all of this was done without appellant's consent. There is no assertion that compensation

has ever been paid to appellant. These facts unquestionably establish a taking, damaging or destroying of appellant's property in violation of Texas Constitution, Art. 1, Sec. 17. In answer to issue 4, supra, the jury found appellant was entitled to recover nothing for such "use". It is certain that appellee's possession of the land on which its support pole and deadman is located is exclusive, and is also exclusive as to some portion of the area occupied by the guy wire. Irrespective of what judgment, in dollars and cents, was to be rendered upon findings of market value before and after the taking, the answer of the jury to this issue 4 cannot be sustained because it constitutes a taking, damaging and destroying of appellant's property for public use, without her consent and without adequate compensation being made. Texas Constitution, Art. 1, Sec. 17; 16 Tex.Jur., Secs. 214–215, pp. 860–863.

The fact that the jury found the value of the trees cut on the land does not change our conclusion. The easement was limited to a 10 foot strip on the land but the evidence shows the trees were cut on an area 27 feet wide, that they were valuable and the jury's answer to the issue (5, supra) found the value of the trees cut. Appellant alleged that nineteen valuable trees were cut and sought damages therefor "in addition to the amount hereinbefore sued for." Even if the trees, their cutting and leaving the brush and stumps on the ground were proper elements to be considered in compensating appellant for the use of her land (issue 4) and in determining the market value of the land before and after the taking (issues 6–11, both inclusive), the cutting of the trees was not so submitted, but was submitted as an independent ground of recovery and was so answered by the jury. There is no objection before us as to the submission of the issue. Further we cannot here apply that finding as an element of compensation for the use of the land and of market value before and after the taking of the land because to do so would overthrow the jury's answer to issues 4 and 6

**638**

through 11, and we cannot say what the jury's answers to those issues would have been if the jury had considered the trees and their cutting as elements of compensation and market value. Moreover, it would constitute a conflict in the answers to issues 4 and 5.

█ In this state of the record if we should reform the judgment of the trial court and delete the second easement therefrom appellee's lines would be left over appellant's land along its route and further proceedings would be necessary to establish the rights of the parties in reference to the second easement. In our opinion justice requires that the cause be reversed and remanded.

Since we have concluded that this cause must be reversed and remanded we will notice appellant's further contentions.

Secs. 13 and 15 of Art. 1175, Vernon's Ann.Civ.St., authorizes home rule cities to own, construct and operate, among other things, electric light systems within and without the city limits and to exercise the right of eminent domain for the appropriation of property for the purposes therein enumerated. Sec. 13 authorizes the exercise of the right of eminent domain to acquire property "that may be proper and necessary to efficiently carry out said objects." Sec. 15 authorizes such cities "to appropriate private property for public purposes whenever the governing authorities shall deem it necessary".

█ If there may be made a legal distinction between the wording of sec. 13 and sec. 15, supra, it is plain that sec. 15 delegates to the "governing authorities" the power and function of determining the necessity of appropriating private property for public use. Appellee's pleadings quoted supra allege that it had determined this issue and some evidence was introduced tending to support the pleading. In the absence of fraud or an abuse of discretion its action is not subject to judicial review. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 88, 130 A.L.R. 1053; McInnis v. Brown County Water Improvement Dist. No. 1, Tex.Civ.App., 41 S.W.2d 741, error ref.

A judicial issue as to the necessity of taking appellant's land for public use was not presented under the pleadings.

There is some evidence that a route by easement and by oral permission had been granted appellee for construction of its lines. Appellant says this route could and should have been used by appellee instead of the route across her land. In the absence of bad faith, these facts would not entitle appellant to relief, appellee having selected the route complained of. 16 Tex. Jur., p. 815, Sec. 179; 18 Am.Jur. p. 735, Sec. 108.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.

HUGHES, Justice (concurring).

To my mind the verdict of the jury is such that it reflects utter confusion by the jury of the issues answered by it to such an extent that no judgment could properly be based thereon.

The jury found that the whole of appellant's land (.58 of an acre, 25,264 plus sq. ft.) was worth $900 before the power lines were built (Issue 6) but that a 10' by 91.-32' (913 plus sq. ft.) strip across this land was worth $372.50 before the power lines were built (Issue 8). The land being of about the same quality it is unreasonable that the 10' strip would have a value of more than ⅓ of the entire tract when such tract was about 25 times larger than the strip.

The same 10' strip was also found to have increased in value from $372.50 to $500 immediately after the power lines were laid. This is a fantastic finding. While condemning authorities understandingly play down the damage done to property by constructing power lines across it I have never before heard it contended that the specific space occupied by poles and lines was increased in value by such occupation.

I believe, as a matter of law, that some damage is sustained by land under these circumstances even though the damage be nominal.

I agree with all that the Court has said but add these observations for my own satisfaction.