Adelle POWELL, Appellant,

v.

LENOX JENKINS INTERIORS et al., Appellees.

No. 8346.

Court of Civil Appeals of Texas, Texarkana.

Aug. 24, 1976.

Rehearing Denied Sept. 14, 1976.

John F. Bass, Bass & Garza, Dallas, for appellant.

C. Edward Fowler, Jr., Bailey, Williams, Westfall & Henderson, Dallas, for appellees.

RAY, Justice.

This is a trip and fall case. Adelle Powell, appellant (plaintiff), brought suit against Lenox Jenkins Interiors, appellee (defendant), to recover damages for her personal injuries sustained when she tripped and fell as a result of catching her foot under a carpet pad installed by Lenox in her employer's (Colbert-Volk) store. The trial court entered judgment for appellee, Lenox Jenkins Interiors, upon the jury finding that appellee was not negligent in connection with gluing the pad seam to the floor. Appellant has perfected her appeal and submits five points of error for our consideration.

On March 22, 1972, appellant was working as a sales clerk for Colbert-Volk in Dallas when she was injured. Colbert-Volk is a retail clothing store and was in the process of remodeling at the time of the accident. Appellee had laid the carpet padding the night before the accident occurred but had not laid the carpet over the padding as it was supposed to have done. The seams of the carpet padding had been spot glued as was customary prior to covering the padding with carpet. Appellee had not warned Appellant Powell of any dangers involved in walking upon the carpet padding.

Appellant testified that she was walking to greet a customer when she caught her foot under the pad causing her to fall and suffer severe injuries. No visual warning signs were posted.

Appellee, as a non-occupier of the premises, owed a duty to exercise care to all persons encountering the risk of being injured and could not rely upon the doctrine of open and obvious conditions to avoid that duty. *Texas-Louisiana Power Company v. Webster*, 127 Tex. 126, 91 S.W.2d 302 (1936). See *Rourke v. Garza*, 511 S.W.2d 331, 337 (Tex.Civ.App. Houston—1st Dist. 1974), affirmed, 530 S.W.2d 794 (Tex.1975).

Appellant contended at the trial that she was a business-invitee, that appellee owed her a duty to exercise reasonable care to protect her from unreasonable dangerous risks, and that appellee negligently failed to carry out that duty. On appeal, appellant contends that the trial court erred in filing to submit her requested issue on failure to warn. Appellant requested negligence and proximate cause issues but did not request an issue on whether appellee created a dangerous condition nor did appellant request an issue on damages. It was not established as a matter of law that the carpet pad constituted a dangerous condition. There was evidence both that the carpet pad constituted a dangerous condition and that it did not.

When an independent ground of recovery consists of two or more component elements and when the party relying upon that ground has failed to request submission of one of the necessary elements, then he has waived that element and the trial court is not required to submit the other elements to the jury even though the non-requested element may have been raised by the pleadings and by evidence sufficient to sustain a finding favorable to the party relying upon that element of the independent ground of recovery. In *Glens Falls*

**774**

Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex.1965), it was stated:

"Under the provisions of Rule 279, Texas Rules of Civil Procedure, an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested."

In the present case, the subject of the independent ground of recovery was whether the appellee had created a dangerous condition with the carpet padding. The first element of that ground of recovery would have been an issue inquiring as to the existence of the subject, that is, whether Appellee Lenox had created or maintained a dangerous condition on the premises where appellant worked. If the subject of the inquiry did not exist, then the other issues inquiring about the other elements of the independent ground of recovery would have no importance. It was therefore necessary for appellant to request an issue and get a favorable jury finding that appellee had created or maintained a dangerous condition before there could be a duty to warn. *Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452, 455 (Tex.1972). No such issue was requested. Because appellant did not request an issue on dangerous condition, it was waived, and the trial court did not commit reversible error in refusing to submit appellant's requested issues inquiring whether appellee was negligent in failing to warn and whether such failure was a proximate cause of appellant's injuries. Tex.R. Civ.P. 279; *Glens Falls Insurance Co. v. Peters*, supra; 3 McDonald's Texas Civil Practice, Sec. 12.36.2, et seq.

Appellant's points of error have all been examined and found to be without merit and are therefore overruled. The judgment of the trial court is affirmed.