**ALLIANCE INSURANCE COMPANY, INC., Appellant,**

v.

**FIRST TAPE, INC., f/k/a U.S. Tape, Inc. and First Bag, Inc., f/k/a Plasti-Bag, Appellees.**

**No. A14–85–811–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 19, 1986.

Rehearing Denied Aug. 14, 1986.

Iris H. Robinson, Houston, for appellant.

Gregory Laughlin, Stephan K. Hamilton, Susan Steinfink Soussan and Michael G. Terry, Houston, for appellees.

J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment in favor of appellees. Appellant (as subrogee) instituted suit against Pentecost (its insured), appellees (lessees of Pentecost) and others not material to the issue before us. The suit was based primarily upon allegations of negligence and in it appellant sought damages for losses resulting from a fire and a recovery of monies paid Pentecost under its policy insuring against the property damage. The issue before us is whether appellant had any right of subrogation where its insured and the insured's lessee mutually agreed to release each other from any claim which could be insured against. We affirm.

The facts are simple. Appellant issued an insurance policy to Gary Pentecost covering a building owned by Pentecost. Pentecost leased the building to appellees. The building was destroyed by fire. Pentecost made a claim for the loss and appellant paid Pentecost one million dollars. Appellant became subrogated to the rights of Pentecost and sued appellees and others, alleging appellees negligently caused the fire.

One of the provisions of the lease contract between Pentecost and appellees provided:

Lessor and Lessee mutually agree that with respect to any loss or damage that may occur to the leased premises, or any improvements thereto, or said building of which the leased premises are a part, or any improvements thereto, by reason of fire, the elements, or any other cause which could be insured against under the terms of standard fire and extended coverage insurance policies, regardless of the cause or origin, including negligence of the parties hereto, their agents, officers, and employees, the party hereto carrying such insurance and suffering said loss, hereby releases the other from any and all claims with respect to such loss; and Lessor and Lessee further mutually agree that their respective insurance companies shall have no right of subrogation against the other party hereto on account of any such loss and each party agrees that it will request its insurance carrier to include in its policies such a clause or endorsement. If extra cost shall be charged therefor, Lessor shall advise Lessee of the amount of the extra cost and the same shall be paid by Lessee as additional rent within ten (10) days; provided, however, that nothing contained in this Paragraph shall be deemed to modify or otherwise affect releases of either party from liability for claims elsewhere herein contained.

Appellees filed a motion for summary judgment contending that the contractual limitation of liability quoted above is a defense to a claim by Pentecost and, consequently, the same is binding upon appellant. The trial court granted the motion and finalized the summary judgment by signing an order of severance.

In its only point of error appellant contends the trial court erred in granting summary judgment "which essentially eliminated the contractual and equitable right of subrogation of Alliance under its policy

with Pentecost without its permission or consent." In support of its contention, appellant relies upon *Seamless Floors by Ford, Inc. v. Value Line Homes, Inc.,* 438 S.W.2d 598 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.). There the contract provision in question purported to waive subrogation rights of the insuror, which the court held could not be done under the facts there present. Such is not the case before us because the motion for summary judgment was based upon the exculpatory clause contained in the lease, not the waiver of subrogation provision therein.

The parties obviously intended, by the exculpatory provision in question, to contract against liability, each to the other, to the extent of compensation of the loss by insurance funds.

In *Crowell v. Housing Authority of the City of Dallas,* 495 S.W.2d 887 (Tex.1973) the supreme court stated that agreements exempting a party from future liability for negligence are valid and effective except where the exculpatory provision is contrary to public policy or the public interest. "If the contract is between private persons who bargain from positions of substantially equal strength," said the court, "the agreement is ordinarily enforced." *Crowell,* 495 S.W.2d at 889. This being true, the quoted exculpatory provision is enforceable to prohibit a claim by Pentecost against appellees.

This court, in discussing one's right under subrogation in *Fishel's Fine Furniture v. Rice Food Market,* 474 S.W.2d 539, 541 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ dism'd), recognized that "[t]he insurer's right of subrogation is derived from the rights of the insured, and is limited to those rights, and there can be no subrogation where the insured has no cause of action against the defendant." The case of *International Insurance Company v. Medical-Professional Building of Corpus Christi,* 405 S.W.2d 867 (Tex.Civ.App.—Corpus Christi, 1966) is almost identical to the case before us. The waiver provision of the lease agreement was the same and the trial court had denied recovery by the subrogee in summary judgment proceedings. The court there followed the general rule, holding that "a release between the insured and the offending party prior to the loss destroys the insurance company's rights by way of subrogation." *International Insurance Company,* 405 S.W.2d at 870. The same rule applies to appellant. We hold, therefore, that summary judgment was properly granted and appellant's point is overruled.

The judgment is affirmed.