**SENTRY INSURANCE, A Mutual Company, Appellant,**

v.

**Mark SIUREK, Appellee.**

**No. 01–85–01054–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1987.

Appellant's Rehearing Denied
April 14, 1988.

Dissent On Appellant's Motion For
Rehearing April 14, 1988.

Before DUGGAN, LEVY and HOYT, JJ.

ON APPELLEE'S MOTION FOR
REHEARING

HOYT, Justice.

Our opinion issued August 28, 1986, is withdrawn and the following is substituted. The motion for rehearing by appellee, Mark

Siurek, is granted. The judgment of the trial court is affirmed.

Appellant, Sentry Insurance, appeals from an adverse jury verdict and judgment wherein appellee, Mark Siurek, recovered $3,101 in actual damages, and $35,000 in exemplary damages. Siurek's suit alleged causes of action for violation of the Texas Insurance Code, breach of contract, and violation of the independent duty of good faith and fair dealing.

On July 26, 1983, Siurek was involved in an automobile collision with Betty Goodson. Goodson was at fault and was insured by Trinity Insurance. Siurek contacted Trinity regarding his claim and to obtain a rental car. He had settlement discussions with Trinity, and on September 8, 1983, prior to completion of repairs, received Trinity's check in the amount of $3,245 for the damage to his vehicle. Subsequently, he retained an attorney to represent him and during the latter part of September, for the first time, notified Sentry, his insurance carrier, pursuant to the no-fault collision damages provision of his policy.

By October 14, the repairs to Siurek's car were completed; however, the amount of repairs exceeded Trinity's check by $258.01. Through his attorney, Siurek returned Trinity's check because it not only failed to cover the total property damages, but also failed to cover Siurek's personal injury damages. When his claim had not been resolved with Trinity by December 2nd, Siurek made demand on Sentry on that date for the "immediate" payment of his property damages.

Siurek testified that from December 15, 1983, through January 27, 1984, he made numerous calls to Sentry inquiring about a check for auto repair costs, and that on January 27, 1984, his attorney wrote to Sentry indicating that the check still had not been received. He testified that as a result of Sentry's failure to pay within a reasonable time, he was forced to borrow money to get his car out of the shop.

Sentry's representative testified that Sentry was notified in October 1983, that Siurek's automobile damage had been paid by Trinity. After it was brought to Sen-

try's attention in December 1983, that Siurek had refused Trinity's check for the property damage, Sentry issued Siurek a check in the amount of $2,958.01 (the repair cost minus the $500 deductible).

Around January 27, 1984, after numerous phone calls from Siurek and his attorney, Sentry concluded that Siurek had not received its check and that it was lost. A stop payment order was then issued. Sentry admits that through internal office error, the requisition for reissuance of a new check was inadvertently filed away, and a new check was not issued.

Siurek filed suit against Sentry on April 16, 1984. Subsequently, Siurek filed suit against Goodson/Trinity, and that suit was settled on December 5, 1984, for $5,170. The settlement agreement included a release that stated in pertinent part:

> Notwithstanding anything herein to the contrary, nothing in this Release shall operate, or be construed as, a Release against Sentry Insurance with regard to the claims being made against it under Cause No. 84–17860 in Harris County, Texas.

In seven points of error, Sentry contends that the trial court erred: (1) in overruling its motion for summary judgment; (2) in overruling its motion for instructed verdict; (3) in overruling its motion for judgment non obstante veredicto; (4) in awarding exemplary damages based on bad faith because no actual damages were proved; (5) in submitting a special issue on non-contract damages in a suit on an insurance contract; (6) in overruling Sentry's amended motions for new trial, continuance, decertification, and to join a necessary party; and (7) in not limiting the jury's consideration of bad faith to a period of time prior to Siurek's suit against it, so that the jury would not find bad faith on Sentry's behalf based on the use of the settlement as a legal defense.

■ It is well settled that where a person, insured under an insurance contract containing a right of subrogation by the insurance company, settles with or releases a wrongdoer from liability for the loss before payment of the loss has been made by

the insurance company, the latter's right of subrogation is thereby destroyed. *Hollen v. State Farm Mutual Automobile Insurance Co.*, 551 S.W.2d 46, 49 (Tex.1977); *Alliance Insurance Co. v. First Tape, Inc.*, 713 S.W.2d 718 (Tex.App.—Houston [14th Dist.], 1986). It follows that an insured who has settled his property damage claim with a third-party tortfeasor, thus barring a subrogation claim by his own insurance company, cannot maintain a suit against his own insurance company for the same damages. The insured is entitled to but one recovery under the terms of the contract of insurance. *See Bradshaw v. Baylor University*, 126 Tex. 99, 104, 84 S.W.2d 703, 705 (1935).

The record reflects that Siurek did not inform Sentry, his insurance company, of his accident until late September; that he received a check from Trinity for his property damage on September 8, 1983, but returned it to Trinity in October; and that through his attorney, he requested payment under his own policy with Sentry, in December 1983. A check was issued by Sentry to Siurek's attorney on January 11, 1984; however, there is no evidence of receipt, and the check was never negotiated. Thereafter, Siurek settled his claim against Goodson/Trinity prior to this trial.

■ Under these facts, we hold that Sentry's obligation to Siurek under the terms of the contract of insurance was absolved by the settlement between Siurek and Goodson/Trinity. *Bradshaw*, 126 Tex. at 104, 84 S.W.2d at 705. The insurer and the insured have a single cause of action against the third-party tortfeasor, and once that cause of action is settled, the insured's contract rights under his policy are waived to the extent of the settlement. *See State Farm Mutual Automobile Insurance Co. v. Elkins*, 451 S.W.2d 528, 531 (Tex.Civ. App.—Tyler 1970, no writ). Here, Siurek's contract claim against Sentry was for the same property damages that he recovered from Goodson/Trinity. Having settled that claim with Goodson/Trinity, thereby barring Sentry's subrogation rights against Goodson/Trinity, he was not entitled to continue his suit against Sentry for breach of contract.

■ Likewise, we agree with Sentry that any cause of action that Siurek may have against Sentry for violation of Tex.Ins. Code Ann., art. 21.21 § 16 (Vernon Supp. 1987) was waived. To recover under Tex. Bus. & Comm.Code Ann. § 17.46 (Vernon Supp.1987) ("D.T.P.A."), Siurek was required to obtain findings that Sentry's actions were false, misleading, deceptive, or unconscionable relative to the services that the contract of insurance called for. *Mayo v. John Hancock Mutual Life Insurance Co.*, 711 S.W.2d 5, 7 (Tex.1986). No issues were submitted to the jury on this theory, and we hold that this cause of action was waived. *Powell v. Lenox Jenkins Interiors*, 540 S.W.2d 772 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.); *Long v. Austin*, 265 S.W.2d 632 (Tex.Civ.App.—Austin 1954, writ ref'd n.r.e.).

■ Siurek next contends that by pleading both (1) statutory violations of the Insurance Code and (2) the non-existence of any reasonable basis for Sentry's delay and denial of his claim, he satisfied the requirements for pleading a cause of action for breach of the "independent duty of good faith and fair dealing." Having examined Siurek's pleadings, we conclude that while they may not have been artfully drawn, taken as a whole, they assert sufficient elements to constitute such a cause of action.

The Texas Supreme Court recognizes a duty of good faith and fair dealing between parties to a contract where a special relationship is governed by or created from that contract. *Manges v. Guerra*, 673 S.W. 2d 180, 183 (Tex.1983). "In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Glen Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 167 (Tex.1987). Where the cause of action exists, exemplary damages are recoverable "under the same principles allowing recovery of those damages in other tort actions." *Id.* at 168 (citations omitted).

In the case at bar, the jury found, in answer to special issues 2 and 3, that: (1) Sentry failed to effectuate a prompt, fair, and equitable settlement; (2) Siurek was compelled to institute a suit to recover under his insurance policy; (3) Sentry refused, failed, or unreasonably delayed offer of settlement; and (4) these acts were the producing cause of Siurek's damages.

Special Issue No. 4 inquired:

Find from a preponderance of the evidence the 'actual damages,' if any, incurred by MARK SIUREK resulting from the acts or omissions, if any, of SENTRY INSURANCE, A MUTUAL COMPANY.

In answering this issue you are instructed to consider only the following elements of damage, if any, and no others:

a. The reasonable costs and expenses, if any, of MARK SIUREK in recovering the repair costs of his automobile from BETTY GOODSON and her insurer.

b. The reasonable value of the use, if any, of a vehicle of the same class as that owned by MARK SIUREK from October 20, 1983, until February 2, 1984. Answers in dollars and cents, if any. Answer: $3,101.00.

We hold that these findings are sufficient to meet the evidentiary requirements set forth in *Manges* and *Glen Arnold.*

This result does not change, even considering that the trial court did not limit the jury's consideration of bad faith to a period prior to litigation. Having exclusive control over the claims process, the insurance company limits its exposure by paying the claim.

■ Additionally, we hold that the jury's findings in special issues 3 and 4, i.e., that Sentry's acts or omissions were made or done in bad faith, are a sufficient basis for the award of exemplary damages. *Glen Arnold,* 725 S.W.2d at 168; *Trenholm v. Ratcliff,* 646 S.W.2d 927, 933 (Tex.1983).

Points of error one, two, three, four, five, six, and seven are overruled.

The judgment of the trial court is affirmed.

## DISSENT ON APPELLANT'S MOTION FOR REHEARING

DUGGAN, Justice, dissenting.

We previously granted appellee Siurek's motion for rehearing, withdrew the original opinion, and substituted our opinion on rehearing issued April 30, 1987. Appellant Sentry filed its motion for rehearing, which the *majority now overrules* without opinion. I respectfully dissent. I disagree with the majority's conclusion that Siurek's special issues were sufficient to support a judgment based on Sentry's alleged breach of its duty of good faith and fair dealing.

I believe the trial court reversibly erred when it overruled Sentry's objections that the charge issues did not limit the jury to a consideration of Sentry's conduct within a specified time period. Sentry appropriately sought to restrict the relevant period to the time between September 30, 1983, when Siurek first reported the collision to Sentry, and April 16, 1984, when Siurek filed suit.

The harm to Sentry is apparent. The record is undisputed that Siurek's attorney first demanded "immediate payment" of Siurek's collision loss on December 2, 1983, only after Sentry both suggested to him that he file a PIP claim for his client and forwarded the appropriate forms. Accordingly, the jury must have given great weight to later events. By refusing to confine the jury's attention to the period before suit was filed, and by leaving the time for consideration of Sentry's bad faith action open-ended, the court allowed the jury to believe that Sentry's pleading of and reliance upon its defense of settlement was *per se* demonstrative of bad conduct that persisted right through trial. Indeed, as Siurek's counsel stated in closing argument, "where's the money? I told you on voir dire we're still waiting for the postman. I mean he hasn't shown up yet."

Such an adverse use of Sentry's pleading and proof of settlement is totally inconsistent with the majority's holding on the appellee's (Siurek's) motion for rehearing, as in our original opinion, that Sentry's contractual duty to its insured was discharged by Siurek's settlement with the third par-

ty's insurer, Trinity. Where an insured's (or his attorney's) actions have—to say the least—complicated resolution of a claim by destruction of the insurer's subrogation right, the trial court must carefully confine the time periods to be considered in determining the insurer's breach of duty. I conclude that Sentry· was irreparably harmed by the trial court's refusal, over timely and specific objection, to confine the issue.

I would grant appellant Sentry's motion for rehearing, and reverse and remand. Therefore, I dissent.