INTERSTATE FIRE INSURANCE
COMPANY, Appellant,

v.

FIRST TAPE, INC., f/k/a U.S. Tape,
Inc., and First Bag, Inc., f/k/a
Plasti–Bag, Inc., Appellees.

No. 01–90–00747–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 26, 1991.
Rehearing Denied Oct. 17, 1991.

Douglas A. Shackelford, Jr., Houston, for appellant.

Elena DiIorio, Lance C. Winchester, Eileen O'Neill & Penelope E. Nicholson, Houston, for appellees.

Before MIRABAL, DUGGAN and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of the defendants in a negligence action. The issue presented is whether the former warehouse tenants, who assigned their lease to a new tenant, are insulated from liability for their alleged negligence in causing a fire, by a waiver of subrogation clause in the assigned lease.

The uncontroverted summary judgment evidence establishes the following: Gary Pentecost (Pentecost) owned a commercial building worth over $1,600,000, which he partially insured for $600,000 with appellant, Interstate Fire Insurance Company ("the Insurance Company"). On July 28, 1983, Pentecost leased the building to appellees, First Tape, Inc., f/k/a/ U.S. Tape, Inc., and First Bag, Inc., f/k/a Plasti–Bag, Inc. ("First Tape/First Bag"), for eight years with a three-year renewal option. First Tape/First Bag used the building for adhesive tape and plastic bag manufacturing, distribution, and storage. The lease between Pentecost and First Tape/First Bag contained the following clause on insurance and liability:

> Lessor and Lessee mutually agree that with respect to any loss or damage that may occur to the leased premises, or any improvements thereto, or said building of which the leased premises are a part, or any improvements thereto, by reason of fire, the elements, or any other cause which could be insured against under the terms of standard fire and extended coverage insurance policies, regardless of the cause or origin, *including negligence of the parties hereto, their agents, officers, and employees*, the party hereto carrying such insurance and suffering said loss, hereby releases the other from any and all claims with respect to such loss; and Lessor and Lessee further mutually agree that their respective insurance companies shall have no right of subrogation against the other party hereto on account of any such loss and each party agrees that it will request its insurance carrier to include in its policies such a clause or endorsement. If extra cost shall be charged therefor, Lessor shall advise Lessee of the amount of the extra cost and the same shall be paid by Lessee as additional rent within ten (10) days; provided, however, that nothing contained in this Paragraph shall be deemed to modify or otherwise affect releases of either party from liability for claims elsewhere herein contained.

(Emphasis added.) Another provision in the lease, on assignment or subletting, read:

It is expressly understood and agreed that Lessee shall not assign this lease contract or any interest herein or sublet all or any portion of the premises without the prior written consent of Lessor which shall not be unreasonably withheld; provided, however, if said premises or any part be assigned or sublet, *Lessee agrees to remain, and shall be held liable for the prompt payment of all rent due or to become due hereunder for the full term of this lease and for the carrying out of the terms and conditions contained herein. Lessee may assign to its subsidiary or affiliate or its successor by merger or by sale of assets (provided such successor entity has at least the net worth of Lessee) with written notice to lessor.*

(Emphasis added.) The lease expressly provided that "[t]he terms and provisions of this Lease Contract shall be binding upon and shall extend to the successors, assigns, and legal representatives of the Lessor and Lessee herein."

First Tape/First Bag subsequently sold all the assets of the tape and plastic bag businesses and assigned the Pentecost lease to Gundle Lining Systems, Inc. ("Gundle"). First Tape/First Bag expressly contracted to manage the business for Gundle as independent contractors. A short time later, one of the machines used in the manufacturing process started a fire which consumed the entire building and its contents.

The Insurance Company paid $600,000 to Pentecost on the insurance claim, was subrogated to the rights of Pentecost, and intervened in a suit against First Tape/First Bag, Gundle, and others, brought by another of Pentecost's insurance carriers, Alliance Insurance Company. Interstate

alleged that the negligence of First Tape/First Bag proximately caused the fire. First Tape/First Bag sought, and obtained, summary judgment based on the limitation of liability clause in the lease.

In its sole point of error, the Insurance Company contends the trial court erred in granting the summary judgment because, as a matter of law, First Tape/First Bag lost all right to assert the waiver of subrogation clause when they assigned the lease to Gundle. First Tape/First Bag say they are entitled to assert the clause as a defense as a matter of law, despite the assignment, because they remain in privity of contract with Pentecost.[1]

The standard of appellate review for a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.* 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Once the de-

---

1. Another part of this case came before the Fourteenth Court of Appeals on the summary judgment against the other property insurer, Alliance Insurance Company. In *Alliance Ins. Co. v. First Tape, Inc.*, 713 S.W.2d 718 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), the Fourteenth Court affirmed the summary judgment on the basis of the exculpatory or liability limitation clause, and said:

"The parties obviously intended, by the exculpatory provision in question, to contract against liability, each to the other, to the extent of compensation of the loss of insurance funds." 713 S.W.2d at 720.

However, the issue of whether First Tape/First Bag retained the protection of the waiver of subrogation clause *after* the lease *was assigned* was not before the court, at that time, therefore that opinion does not provide the "law of the case" with regard to the issue before us.

fendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

█ When a contract is between private persons who bargain from positions of substantially equal strength, the agreement is ordinarily enforced. *Crowell v. Housing Auth. of the City of Dallas*, 495 S.W.2d 887, 889 (Tex.1973). Agreements exempting a party from future liability for negligence are valid and effective, except where the exculpatory provision is contrary to public policy or the public interest. *Id.* The exculpatory clause in this case is a valid and enforceable provision against claims made by Pentecost against *the lessee*. *See Alliance Ins. Co.*, 713 S.W.2d at 720.

█ An insurer's right to subrogation derives from the rights of the insured, and is limited to those rights; there can be no subrogation where the insured has no cause of action against the defendant. *Fishel's Fine Furniture v. Rice Food Market*, 474 S.W.2d 539, 541 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ dism'd). The subrogees stand in the shoes of the one whose rights they claim, and the extent of the subrogees' remedy and the measure of their rights are controlled by those possessed by the subrogor. *McAllen State Bank v. Linbeck Constr. Corp.*, 695 S.W.2d 10, 24 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The general rule is that a release between the insured and the offending party prior to the loss destroys the insurance company's rights by way of subrogation. *International Ins. Co. v. Medical–Professional Bldg. of Corpus Christi*, 405 S.W.2d 867, 870 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

█ The question presented in this case is whether First Tape/First Bag was protected by the exculpatory clause, or did the clause apply only to the *current* lessee, Gundle? Both parties agree that the lease involved was assigned, not sublet, to Gun-

dle. In a sublease situation, there is no privity of any kind, estate or contract, between the lessor and the sublessee. The landlord cannot hold the sublessee liable for any breach of the lease, nor can the sublessee enforce the lease against the landlord. *See Board v. B & B Vending Company*, 512 S.W.2d 702, 703–704 (Tex. Civ.App.—Amarillo 1974, no writ). When a lease is assigned, the lessee-assignor transfers title and the entire interest in the leasehold estate, destroying the privity of estate between the lessor and the lessee-assignor. *Amco Trust, Inc. v. Naylor*, 159 Tex. 146, 150, 317 S.W.2d 47, 50 (1958). However, the lessor and lessee-assignor remain in *privity of contract*. *Carter v. Stovall*, 291 S.W.2d 411, 413 (Tex.Civ. App.—Amarillo 1956, writ ref'd n.r.e.). The assignor's liability on the contract remains, unless expressly released from the obligation by the lessor. *Liberty Sign Co. v. Newsom*, 426 S.W.2d 210, 213–14 (Tex. 1968).

The contract between First Tape/First Bag and Pentecost said First Tape/First Bag would remain liable for the prompt payment of rent for the full term of the lease and "for the carrying out of the terms and conditions of the lease," if the lease were assigned or the property sublet. Since First Tape/First Bag are still liable under the contract, they should get the benefits, as well as the burdens, of the contract.

█ The lease said the parties would not be liable for casualty damage that could be insured against. We hold that, in this case, Pentecost has no claim against First Tape/First Bag. Because there is no claim for Pentecost to assert, the Insurance Company has nothing to be subrogated to, no "shoes" to step into. We hold the trial court correctly determined there was no subrogation claim as a matter of law, and correctly rendered a summary judgment.

We overrule the point of error.

We affirm the summary judgment.