TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00016-CV







XeTel Corporation, Appellant



v.



Stanley Smith Security, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 92-10682, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 XeTel Corporation appeals from a summary judgment that it take nothing by its two
causes of action against Stanley Smith Security, Inc. ("SSSI"). We will reverse the trial-court
judgment and remand the cause to the trial court.



THE CONTROVERSY


 XeTel contracted for security guard services with SSSI pursuant to a "Guard
Service Agreement" executed on June 10, 1990. On November 17, 1990, thieves stole high-tech
inventory from XeTel's office building. XeTel's insurance carrier, Highland Insurance Company,
paid insurance benefits in the amount of $262,839.42 to compensate XeTel for its claimed total
losses of $263,089.42, leaving only $250 in unpaid claims. 

 XeTel sued SSSI alleging negligence and breach-of-contract claims. It is conceded
that the real party in interest is Highland, asserting its right of subrogation. The trial court
granted SSSI's motion for summary judgment on the ground that XeTel had expressly waived any
right it had under the agreement and, therefore, Highland had no rights of subrogation remaining.



 DISCUSSION



 The following precepts are well established: (1) The movant for summary judgment
has the burden of showing that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and
(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

 In its third point of error, XeTel complains the trial court erred in granting SSSI's
motion for summary judgment because the trial court incorrectly construed as an exculpatory
clause the waiver of subrogation clause in the agreement. An exculpatory clause in a contract
releases a party from liability for his or her wrongful conduct. Alliance Ins. Co. v. First Tape,
Inc., 713 S.W.2d 718, 720 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.) (exculpatory
provision allowed parties to contract against their own liability); see also Black's Law Dictionary
566 (6th ed. 1990) (defining an exculpatory clause as "[a] contract clause which releases one of
the parties from liability for his or her wrongful acts."). Thus, an exculpatory clause is couched
in terms of a release or waiver of any and all claims one party may have against another. A
waiver-of-subrogation clause differs from a exculpatory clause in that the former merely prohibits
a third party from succeeding to the rights of one on whose behalf the third party has paid an
obligation. International & G. N. Ry. Co. v. Concrete Inv. Co. (Tex. 1924); see also 68 Tex. Jur.
3d Subrogation § 1 (1989).

 Because the terms, "exculpatory clause" and "waiver of subrogation clause" are
interrelated, confusion results when the terms are imprecisely used. An insurer's right of
subrogation derives from the rights of the insured and includes only those rights the insured
possessed. Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992); Interstate Fire Ins. v. First Tape,
Inc., 817 S.W.2d 142, 145 (Tex. App.--Houston [1st Dist.] 1991, writ denied). An insured may
waive an insurer's right of subrogation through a release of liability entered into between the
insured and the wrongdoer before the loss. Hollen v. State Farm Mut. Ins. Auto. Ins. Co., 551
S.W.2d 46, 49 (Tex. 1977). Thus, an exculpatory provision prohibits an insurance carrier from
recovering in subrogation when the insured has released the wrongdoer from all claims, leaving
nothing for the insurance company to succeed to.

 The trial court granted summary judgment based on the following paragraph seven
in the Agreement, which it found to be an express waiver: 



7. LIMITS OF LIABILITY. It is understood by the Customer that the security
services provided hereunder do not constitute maximum security but provide a
degree of security resulting from the reasonable efforts of security personnel to
carry out mutually agreed upon security procedures during the hours mutually
agreed upon. The Company is not an insurer, and the amounts payable to the
Company under this Agreement are based solely upon the value of the services
rendered and are unrelated to the value of Customer's property or the lives or
property of others. The Customer hereby waives all rights of subrogation against
the Company and the Company's insurance company. Any offset by Customer
from amounts payable to the Company without Company's prior agreement is
prohibited.



(Emphasis added.)


 SSSI's theory is that XeTel, by reason of the emphasized sentence, relinquished
"all" rights of subrogation against SSSI, including any possessed by XeTel's insurer (Highland). 
We reject this theory; it cannot be correct unless in some fashion Highland ratified or acted in a
manner consistent with such a relinquishment and thus misled SSSI or its insurer. XeTel's
relinquishment, absent such circumstances, can refer only to its own rights of subrogation when
and if it must pay for SSSI's wrong. Sartin v. Hudson, 143 S.W.2d 817, 823 (Tex. Civ.
App.--Fort Worth 1940, no writ); 92 C.J.S. Waiver 1066-67 (1955). It is presumed that parties
contract only with respect to their own rights and duties. We believe and hold, therefore, that the
trial court erred in its interpretation that paragraph seven constituted an express wavier of
Highland's subrogation claim asserted in XeTel's name. 

 We sustain XeTel's third point of error and need not address points one and two. 
Accordingly, we reverse the judgment and remand the cause to the trial court.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded


Filed: March 15, 1995


Do Not Publish