231 S.W.3d 581 (2007)
Jose D. MENDEZ and Angela T. Mendez, Individually and on Behalf of Jose D. Mendez, Jr., a Minor Child, Appellant
v.
ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY a/k/a Allstate County Mutual Insurance Company, Appellee.
No. 05-05-00697-CV.
Court of Appeals of Texas, Dallas.
August 20, 2007.
*582 John Parrish Chupp, Humberto Guerrero, The Guerrero Law Offices, Dallas, for Appellant.
Robert Allen Clarkson, Donnie Wilson Wisenbaker, Jr., Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for Appellee.
Before Justices MOSELEY, BRIDGES, and RICHTER.

OPINION
Opinion by Justice RICHTER.
This case involves a determination of whether an insured under an automobile insurance policy was entitled to recover medical benefits from the insurer after he extinguished the insurer's right to subrogation by settlement with a third party. Jose Mendez and Angela Mendez, individually and on behalf of Jose Mendez, Jr. (collectively, Mendez) argue that the trial court erred when it granted Allstate's traditional motion for summary judgment and assert two issues in support of this contention: 1) Mendez had no obligation to protect Allstate's right to subrogation because the right was conditioned on Allstate making a payment to Mendez which never occurred; and 2) the "one satisfaction rule" does not apply because Mendez was *583 not fully compensated for his loss. Our review is confined to the first issue because the second issue was not preserved for appeal. See TEX.R.APP. P. 33.1. The insurance policy expressly obligated Mendez to refrain from doing anything after the loss to prejudice Allstate's right to subrogation, and this obligation was not conditioned on payment. Because Mendez's execution of a general release destroyed Allstate's subrogation rights, and the destruction of those rights constituted a material breach, Mendez was not entitled to recover under the policy. We conclude that the trial court properly granted summary judgment for Allstate, and affirm the judgment of the court below.

I. BACKGROUND
Jose Mendez was driving a vehicle in which his wife and minor son were passengers when he was involved in an automobile accident with Ramon Rodriguez. The vehicle Mendez was driving was owned by Armando Zarate. Zarate was insured under an automobile insurance policy issued by Allstate Property and Casualty Insurance Company. Permissive users of Zarate's vehicle were also covered under his policy. Mendez asserted claims against Rodriguez for damages alleged to have resulted from the accident. The Mendez claims against Rodriguez were subsequently settled. As part of the settlement, Mendez and his wife executed general releases, individually, and on behalf of the minor. The releases discharged Rodriguez and any other person or entity "charged with responsibility" from "any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action" arising out of the accident. The release executed on behalf of the minor also indemnified Allstate for medical expenses incurred by the minor, although the record is silent as to why Allstate was indemnified in the settlement agreement to which it was not a party. As consideration for the releases, the Mendez family collectively received a total of $6581.00. Mendez did not tender the settlement monies to Allstate, or hold the funds in trust.
After execution of the releases, Mendez filed a claim for medical benefits under Zarate's policy with Allstate. Mendez initiated this action when Allstate denied the claim. Every cause of action asserted in the petition was premised on Allstate's denial of the claim.[1] Allstate filed a general denial, special exceptions, and affirmative defenses. The affirmative defenses included, inter alia, assertions that Mendez was not entitled to recover under the policy because he settled and released his claims, extinguished Allstate's subrogation rights, and failed to hold the settlement proceeds in trust as required by the policy. Allstate then moved for summary judgment under TEX.R. CIV. P. 166a on the basis that the claims were properly denied because Mendez had no right to recover under the policy. In support of this argument, Allstate asserted that Mendez had already received compensation for medical expenses in the settlement with Rodriguez. Allstate further argued that the policy imposed an obligation on Mendez to protect its right to subrogation, and the execution of the general releases extinguished this right. Mendez responded that in the absence of payment by Allstate to Mendez, Allstate had no subrogation rights for Mendez to protect. The trial court granted Allstate's motion and entered a final judgment for Allstate. This appeal followed.

*584 II. STANDARD OF REVIEW
The standard for reviewing a traditional motion for summary judgment is well-established. See Sysco Food Servs. v. Trapnell, 890 S.W.2d 796, 800 (Tex.1994); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. Dickey v. Club Corp., 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for traditional summary judgment is charged with the burden to establish that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.2000) (per curiam). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex.1982). When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. Carr v. Brasher, 776 S.W.2d 567, 567 (Tex. 1989).

III. DISCUSSION
Subrogation
In his first issue, Mendez contends that the trial court erred when it granted summary judgment for Allstate because Allstate's right to subrogation under the policy was conditioned on Allstate making a payment to Mendez, and no such payment ever occurred. Consequently, Mendez insists that he had no obligation to protect Allstate's right to subrogation because the right never accrued. We disagree.
The policy language upon which both Allstate and Mendez rely provides:
Our Right to Recover Payment
If we make a payment under this policy and the person to or from whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.
Insurance policies are contracts, and as such, are subject to rules applicable to contracts generally. See Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 665 (Tex. 1987). The parties agree that the policy is not ambiguous. Therefore, we construe the policy to give the terms their plain, ordinary meaning in accordance with the intention of the parties. See First Union Nat. Bank v. Richmont Capital Partners I, L.P., 168 S.W.3d 917, 924 (Tex.App.-Dallas 2005, no pet.) (terms of a contract are given their ordinary meaning unless the instrument shows that the parties used them in a different sense); Puckett v. U.S.Fire Ins. Co., 678 S.W.2d 936, 938 (Tex.1984) (when an insurance policy is unambiguous court should give effect to its plain meaning).
The argument Mendez advances is premised on an assumption that payment is a condition Allstate must meet before it has a right to expect Mendez's performance. A condition is an act that must occur before there is a right to immediate performance and before there can be a breach of the contractual obligation. See Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex.1976). According to Mendez, the condition was not met, so he had no obligation to protect Allstate's rights. Mendez's argument misconstrues *585 the plain meaning of the contract and the right to subrogation.
Subrogation allows one party to take the place of another so that the new party gains the rights of the former party to pursue a claim. McBroome-Bennett Plumbing, Inc. v. Villa France, 515 S.W.2d 32, 36 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). Thus, subrogation rights are derivative. Guillot v. Hix, 838 S.W.2d 230, 232 (Tex.1992); see also, McAllen State Bank v. Linbeck Constr.Corp., 695 S.W.2d 10, 24 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.) (extent of subrogees' remedy and the measure of their rights are controlled by those possessed by the subrogor). An insurer's right to subrogation originates from an insured's cause of action against a third party. See Interstate Fire Ins. Co. v. First Tape, Inc., 817 S.W.2d 142, 145 (Tex.App.-Houston [1st Dist.] 1991, writ denied); Trinity Universal Ins. Co. v. Bill Cox Const. Inc., 75 S.W.3d 6, 10 (Tex.App.-San Antonio 2001, no pet.). If the insured has no cause of action, there can be no subrogation. Fishel's Fine Furn. v. Rice Food Market, 474 S.W.2d 539, 541 (Tex.Civ.App.-Houston [1st Dist.] 1971, writ dism'd). Because subrogation rights are derivative, when an insured settles with a tortfeasor prior to payment by the insurer the insurance company loses its right of subrogation. See Foundation Reserve Ins.Co. v. Cody, 458 S.W.2d 214, 216 (Tex. Civ. App-Dallas 1970, no writ); Gulf Ins. Co. v. Texas Cas. Ins. Co., 580 S.W.2d 645, 648 (Tex.Civ. App.-Fort Worth 1979, writ ref'd n.r.e.); Hollen v. State Farm Mut. Ins. Co., 551 S.W.2d 46, 49 (Tex.1977). It is axiomatic that when Mendez released his claims against Zarate, there was no third-party claim for Allstate to pursue. But under the analysis Mendez urges we adopt, unless Allstate made a payment, Mendez would be able to circumvent his contractual obligations despite his destruction of the rights he was charged to protect. Such a strained construction is antithetical to the purpose of subrogation and leads to an absurd result.
Although the policy does impose conditions, the conditions pertain to events that must occur before Allstate may exercise its subrogation rights. The policy provides that before Allstate is subrogated to the insured's claim against a third party: 1) Allstate must have paid the insured for the claim; and 2) a claim against a third party must exist. The word "if", which is typically used to signify a condition, immediately precedes the enumeration of these two requirements. See e.g., Criswell v. European Crossroads Shopping Center, Ltd., 792 S.W.2d 945, 948 (Tex.1990) (discussing the language generally used in a contract to make performance conditional). The section of the policy in which this language appears is entitled "our right to recover payment." Allstate's right to subrogation exists prior to the inception of the contract. See Esparza v. Scott & White Health Plan, 909 S.W.2d 548, 552 (Tex. App.-Austin 1995, writ denied) (contracts that give insurers the right to subrogation only confirm, but do not expand the equitable subrogation rights of insurers). Thus, the policy describes an existing right that may be exercised if the two conditions are met.
Conversely, no conditional language is used to qualify the insured's obligation to Allstate. The policy imposes on the insured an absolute obligation to protect Allstate's subrogation rights so that they may be exercised in the future. The policy states that the insured "shall": 1) do whatever is necessary to enable [Allstate] to exercise its rights; and 2) do nothing after loss to prejudice [Allstate's rights]. The policy states in clear and unambiguous terms that the insured's obligation begins *586 "after loss." We conclude that this language does not require that Allstate make a payment before the insured is obligated to protect Allstate's subrogation rights. To construe the policy otherwise would render the subrogation clause meaningless.
Courts have traditionally held that when an insured extinguishes an insurer's subrogation rights the insured is precluded from recovery under the policy. See Millers Mut. Fire Ins. Co. v. Mitchell, 392 S.W.2d 703, 706-07 (Tex.Civ.App.-Tyler 1965, no writ) (insured's right to recovery is waived); Sentry v. Siurek, 748 S.W.2d 104, 106 (Tex.App.-Houston [1st Dist.] 1987, no writ) (because the insured is only entitled to one recovery, when the insured destroys the insurer's subrogation rights the insured's contract rights under the policy are waived to the extent of settlement); Gulf Ins. Co., 580 S.W.2d at 648 (insured's destruction of subrogation rights is a breach of contract); Foundation Reserve Ins. Co., 458 S.W.2d at 216 (an insured who destroys the insurer's subrogation rights forfeits any claim for indemnity under the policy). Mendez concedes that he destroyed Allstate's subrogation rights. In doing so, he breached the policy.[2]
A material breach by one contracting party excuses the performance of another party. See Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 693 (Tex. 1994). In Hernandez, the Texas Supreme Court considered the effect of noncompliance with a settlement-without-consent exclusion in an uninsured/underinsured motorist policy. The court instructed that a factor in determining the materiality of the breach is "the extent to which the nonbreaching party will be deprived of the benefit it could have reasonably expected from full performance." Id. at 693. If a settlement extinguishes a subrogation right that had no value, the insurer might not be deprived of an expected benefit under the contract. Id. at 693. If an insurer is not prejudiced by a settlement, the breach is not material. Id.; see also, Hanson Production Co. v. Americas Ins. Co., 108 F.3d 627, 630-631 (5th Cir.1997) (Hernandez reasoning also applies to cases involving failure of notice). Although the policy at issue in this case is an indemnity policy and no specific coverage exclusion has been asserted, the materiality analysis in Hernandez is equally applicable.
Having determined that Mendez's destruction of Allstate's subrogation rights constitutes a breach of contract, we examine whether Allstate established that the breach was material. Allstate argued in its summary judgment motion that it was prejudiced by the destruction of its rights because it would not be able to recover a payment for medical benefits from Zarate. Mendez failed to respond and raise an issue of fact on this point, and has not asserted a lack of materiality as a basis of error on appeal. We therefore conclude that the trial court did not err when it granted Allstate's motion for summary judgment because Allstate's performance was excused by Mendez's material breach.[3] *587 We resolve Mendez's first issue against him.
The One Satisfaction Rule.
Mendez also argues that the one satisfaction rule does not apply because the proceeds he received in the settlement did not fully compensate him for his loss. Mendez did not raise this argument in response to Allstate's motion for summary judgment, and therefore may not raise the issue for the first time on appeal. See Franco v. Slavonic Mut. Fire Ins. Ass'n, 154 S.W.3d 777, 785 (Tex.App.-Houston [14th Dist.] 2004, no pet.); TEX.R.APP. P. 33.1(a). Mendez's second issue is resolved against him.
Having resolved all of Mendez's issue against him, we affirm the judgment of the trial court.
NOTES
[1] Mendez asserted claims for breach of contract, breach of a duty of good faith and fair dealing, and a violation of the Texas Insurance Code.
[2] Moreover, the policy provides: "[n]o legal action may be brought against us until there has been full compliance with all the terms of this policy." By failing to protect Allstate's subrogation rights, Mendez failed to comply with the terms of the policy.
[3] When the trial court granted Allstate's motion for summary judgment, it entered a final judgment disposing of all claims. By failing to challenge the entry of a final judgment, Mendez has waived the issue. See Eichelberger v. Mulvehill, 198 S.W.3d 487, 492 (Tex. App-Dallas 2006, pet.denied) (court of appeals may not reverse the judgment of a trial court absent properly assigned error).