**J. L. WILLIAMS and B. J. Chafin, Appellants,**

v.

**ADVANCED TECHNOLOGY CENTER, INC., Appellee.**

No. 4921.

Court of Civil Appeals of Texas, Eastland.

May 27, 1976.

Rehearing Denied June 17, 1976.

Michael R. Knox and Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellants.

David S. Kidder, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. J. L. Williams and B. J. Chafin, owners and lessors of a building, sued Advanced Technology Center, Inc., lessee, for damages to the building caused by an explosion and resulting fire during the term of the lease. It is conceded the real party in interest as plaintiff is the fire insurance company which paid the damage claim and the suit is one in subrogation. Both parties filed motions for summary judgment. The plaintiffs' motion was denied; defendant's granted. Plaintiffs appeal.

One point of error is presented:

"The Trial Court erred in holding that the waiver of subrogation clause in the lease provided a defense to this action notwithstanding the lessee's breach of that lease by permitting the demised premises to be used for an operation extra hazardous on account of fire."

The lease agreement contained the following provisions:

"17. *INSURANCE:*

A. Tenant shall not permit the demised premises to be used for any operation deemed extra hazardous on account of fire or otherwise or which would render void the insurance carrier by Landlord.

B. If Tenant, after taking possession of the demised premises, should make any additions and/or alterations to the premises, and/or subsequent to Tenant's original use and occupancy of said premises, should change its operations or vacate the premises, and thereby cause an increase in the fire and extended coverage premiums, the Tenant shall pay to the Landlord as additional rental the amount of such increase upon demand by Landlord, whether or not the Landlord has consented to such additions and/or alterations and/or change in operations.

C. Any insurance which may be carried by Landlord or Tenant against loss or damage to the building and other improvements situated on the demised premises shall be carried for the benefit of the Landlord to the extent of loss or damage to the building or improvements owned by the Landlord and for the benefit of the Tenant to the extent of loss or damage to improvements owned by the Tenant, and the proceeds of such insurance shall be under the control of the party for whom such insurance is carried.

D. Landlord agrees that throughout the term of this lease it will, at Landlord's cost, keep all buildings and improvements situated on the demised premises insured against fire and extended coverage perils to the extent of the full insurable value of said buildings and improvements.

E. If during the second full year after the beginning date of this lease, or during any subsequent year of the primary term of this lease or any renewal or extension thereof, the insurance premium for the amount of the full insurable value of the demised premises shall be in excess of the insurance premiums for the amount of the full insurable value of the demised premises for the first full year after the beginning date of this lease, Tenant shall pay to Landlord as additional rental, upon demand of Landlord, the amount of such excess."

"26. *WAIVER OF SUBROGATION:* Each party hereto hereby waives any and every claim which arises or may arise in its favor and against the other party hereto during the term of this lease or any extension or renewal thereof for any and all loss of, or damage to, any of its property located within or upon, or constituting a part of, the premises leased to the Tenant hereunder, which loss or damage is covered by valid and collectible fire and extended coverage insurance policies, to the extent that such loss or damage is recoverable under said insurance policies. Said mutual waivers shall be in addition to, and not in limitation or derogation of, any other waiver or release contained in this lease with respect to any loss or damage to property of the parties hereto. Inasmuch as the above mutual waivers will preclude the assignment of any aforesaid claim by way of subrogation (or otherwise) to an insurance company (or any other person), each party hereto hereby agrees immediately to give to each insurance company which has issued to it policies of fire and extended coverage insurance written notice of the terms of said mutual waivers, and to have said insurance policies properly endorsed, if necessary, to prevent the invalidation of said insurance coverage by reason of said waivers."

Fire and extended coverage insurance was carried on the premises. A claim for loss under the policy was made to the insurance company. The insureds were paid

$20,383.44 by their insurer, the exact amount of damages sought in the instant case.

It is not contested lessee was conducting an operation that was "extra hazardous on account of fire" nor that this is a subrogation case. Appellant argues lessee may not ignore one provision of the lease agreement and defend upon the basis of another provision. In support of such position, cases are cited that announce the rule a party to a contract who is himself in default cannot maintain a suit for its breach. The lessee in the instant case has not brought suit for breach of the contract and thus the cited cases are distinguishable.

The court in *International Insurance Company v. Medical-Professional Building of Corpus Christi*, 405 S.W.2d 867 (Tex.Civ. App.—Corpus Christi 1966, writ ref. n. r. e.) examining the effect of a waiver clause similar to the one under consideration stated:

> "The insurer's right of subrogation is derived from the rights of the insured, and is limited to those rights, and there can be no subrogation where the insured has no cause of action against the defendant . . . it is a well-settled rule of law that where an insured settles with or releases a wrongdoer from liability for a loss before payment of the loss has been made by the insurance company, the latter's right of subrogation is thereby destroyed. *British and Foreign Marine Insurance Co. v. Gulf, C. & S. F. Ry. Co.*, Tex.Sup.Ct., 63 Tex. 475; *Maryland Motor Car Ins. Co. v. Haggard*, Tex.Civ. App., 168 S.W. 1011; *Security Storage & Van Co. v. General Insurance Co.*, Tex. Civ.App., 310 S.W.2d 729; *Millers Mutual Fire Insurance Company of Texas v. Mitchell*, Tex.Civ.App., 392 S.W.2d 703; *Gulf Ins. Co. v. White*, Tex.Civ.App., 242 S.W.2d 663."

Paragraph 26 of the lease agreement expressly provides that each party to the agreement waives any claim in favor or against the other party for loss or damage covered by valid and collectible fire insurance to the extent that such loss was recoverable under an insurance policy and that each party should give written notice of the mutual waivers to his insurer. This release from liability for loss was made before payment of the loss by the insurer.

Williams and Chafin recovered their fire loss; therefore, under the agreement they would have no claim for loss against Advanced Technology Center, Inc. Since the insured has no claim for loss, insurer has none. *Fishel's Pine Furniture v. Rice Food Market*, 474 S.W.2d 539 (Tex.Civ.App.— Houston (14th Dist.) 1971, writ dism'd).

The point of error is overruled. The judgment of the trial court is affirmed.