**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Arthur HOLLEN, Appellee.**

**No. 1454.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 27, 1976.

Rehearing Denied Nov. 17, 1976.

·Marc Flatow, Flatow & Hinojosa, Larry W. Hohle, Frank B. Stahl, Jr., Lorance, Thompson & Wittig, Houston, for appellee.

CIRE, Justice.

This appeal attacks a summary judgment entered against an insurer in an automobile accident case. Seventeen-year-old Jack Hollen was driving on February 1, 1974, when he had a one-car accident in which two passengers, Janet Hernandez and Dora Barclay, were injured. Hollen carried no liability insurance. The two passengers, through their parents as next friends, brought an action against State Farm Mutual Automobile Insurance Company claiming recovery under the uninsured motorist provision of policies issued to the parents. This provision obligates the insurer to pay all sums which the insured would be entitled to recover from the owner or operator of an uninsured automobile involved in an accident. State Farm brought a cross-action against Jack Hollen and his father, Arthur Hollen, claiming indemnity on the main suit; plaintiffs amended to sue the Hollens. The trial court, on motion by Arthur Hollen, severed the action of the passenger plaintiffs and State Farm against Arthur Hollen and granted a summary judgment. State Farm alone appeals.

State Farm's cross-action alleged Arthur Hollen was liable for the accident because he negligently entrusted an automobile to his son, who was not licensed to drive. The only evidence offered in support of Hollen's motion for summary judgment on this cause of action was the deposition of Jack Hollen. Because he is a party to the suit, his testimony does no more than raise a fact issue to be decided at trial. An exception to this rule exists if his statement is uncontradicted by any other witness or attendant circumstances, if it is clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion on it. *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942). Such testimony may be further strengthened by the failure

David E. Lueders, Wohlt, Lueders & Hope, Houston, for appellant.

of an opposing party to contradict it, where there was a means and an opportunity for the opposing party to do so. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.Sup. 1967). The deposition of Jack Hollen does not come within the exception. It is not clear, direct, and positive, and the circumstances of the case tend to impeach his statement; it is so likely that such a witness would try to protect his parent that his statement cannot be given conclusive credibility. Moreover, State Farm had no opportunity to contradict this testimony, as the only persuasive impeachment evidence could come from another party, Arthur Hollen.

The order sustaining the motion for summary judgment shows that the trial court based its decision on the argument of counsel, the pleadings, and the deposition. Since the deposition of an interested party presents only a fact issue, the movant here could not have established a case for summary judgment.

■ Appellee's counterpoint one asserts that State Farm's cause is moot because plaintiffs Hernandez and Barclay have not appealed. Appellee contends that under the uninsured motorist policies of Hernandez and Barclay and Texas Insurance Code article 5.06–1 (Pamp.Supp.1976), State Farm acquires only those rights which the insureds have. Appellee says that because the insureds have chosen not to appeal and time for appeal is now run, the judgment is final as to the insureds and State Farm's action against Arthur Hollen is thus moot. We disagree. The plaintiffs originally sued only State Farm. State Farm brought a cross-action in its own name against Jack and Arthur Hollen. Plaintiffs then amended their petition to assert claims against the Hollens. The plaintiffs have the right to choose not to pursue their claim against Arthur Hollen, but this cannot prohibit State Farm from protecting and pursuing its subrogation rights by appealing from the summary judgment.

The judgment is reversed and the cause remanded for trial.