Arthur HOLLEN, Petitioner,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

No. B–6456.

Supreme Court of Texas.

April 27, 1977.

Rehearing Denied May 25, 1977.

Lorance, Thompson & Wittig, Frank B. Stahl, Jr. and Larry W. Hohle, Houston, for petitioner.

Marc S. Flatow; Foster & Lueders, Tom W. Foster, Houston, for respondent.

SAM D. JOHNSON, Justice.

As a result of an automobile accident in February 1974 Juan Hernandez, individually and as next friend of Janet Hernandez, and Doris Barclay, individually and as next friend of Dona Barclay, sued State Farm Mutual Automobile Insurance Company asserting a claim under policies issued to Juan Hernandez, Janet's father, and to Doris Barclay, Dona's mother, which contained provisions insuring Janet and Dona in the event they were involved in an accident caused by an uninsured motor vehicle. State Farm filed a cross action against the operator of the vehicle, Jack Hollen, and his father, Arthur Hollen, seeking indemnity. Janet and Dona then amended their petition to sue Jack and Arthur Hollen. The trial court severed the claims made against Arthur Hollen, the father, and rendered a summary judgment that Janet and Dona and State Farm take nothing against Arthur Hollen. The court of civil appeals reversed on the ground that there existed a question of fact as to whether Arthur Hollen negligently entrusted the motor vehicle to his minor son and remanded the cause for trial. 543 S.W.2d 178. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

On February 1, 1974 Jack Hollen, then age 17, was driving a 1965 Chevrolet Impala with Janet Hernandez and Dona Barclay as passengers. Apparently one of the wheels struck a curb and the car flipped over, injuring Janet and Dona. At his deposition, Jack Hollen testified that his father knew he was driving the 1965 Chevrolet Impala without a license and without insurance. Furthermore, Jack acknowledged that he was living with his parents and that his father told him what he could and could not do. While Arthur Hollen asked his son, Jack, not to drive the automobile, he did not forbid Jack to drive it and did not take it away. However, Jack had purchased the car with his own money and, apparently, title to the car was not in Arthur Hollen's name.

Arthur Hollen's motion for summary judgment was styled, "JUAN HERNANDEZ, INDIVIDUALLY A/N/F JANETE [sic] HERNANDEZ AND DORIS BARCLAY, INDIVIDUALLY A/N/F DONA BARCLAY VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY," and was entitled "MOTION FOR SUMMARY JUDGMENT." It stated in pertinent part:

"COMES NOW, DEFENDANT, ARTHUR HOLLEN, and moves the Court for a Summary Judgment, and would show the Court that there is no material issue of fact to be tried in this case and that this Defendant is entitled to Judgment; that the Third Party Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, take nothing by this suit against him, and as grounds therefore, would respectfully show the Court as follows:

". . . .

"Defendant would show that there is no material issue of fact between the Third Party Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and this Defendant and, as evidenced by this Motion, the pleadings on file, and the deposition of Jack Arthur Hollen [the son], this Defendant [the father], in terms of law, can in no manner be held legally responsible for the actions of Jack Arthur Hollen as they pertain to this accident.

"WHEREFORE, PREMISES CONSIDERED, Defendant, ARTHUR HOLLEN, prays that this Motion for Summary Judgment be in all things granted and that a Judgment that the Third Party Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, take nothing against the Defendant, ARTHUR HOLLEN, be entered and that this Defendant be discharged and for costs." [1]

1. It should be noted that the names "Janet Hernandez" and "Dona Barclay" did not appear in this motion by Arthur Hollen for summary judgment, except in the style of the case.

Subsequently, Arthur Hollen moved to enter an order sustaining his motion for summary judgment. This motion recited:

"I. On March 8, 1976, this Honorable Court heard the Motion of Defendant, ARTHUR HOLLEN, for Summary Judgment. After approximately 30 minutes of argument from counsel representing ARTHUR HOLLEN and counsel representing STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and after reviewing authorities presented by counsel this Honorable Court granted, ARTHUR HOLLEN'S Motion for Summary Judgment and made an appropriate docket sheet entry. The Court further requested counsel representing ARTHUR HOLLEN to prepare an appropriate Order.

"II. Attached hereto and marked as Movant's Exhibit 1 is 'Order Sustaining Defendant Arthur Hollen's Motion for Summary Judgment.' The aforementioned Order was forwarded to the attorney representing the Plaintiffs [Janet and Dona] on March 9, 1976. *The Order was approved as to form and substance by Plaintiff's [sic] attorney Marc Flatow on or about March 16, 1976, and forwarded to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S attorney, David Lueders, for approval as to form.*" [Emphasis added.]

The trial court then entered the following order entitled "ORDER SUSTAINING DEFENDANT AND CROSS-DEFENDANT ARTHUR HOLLEN'S MOTION FOR SUMMARY JUDGMENT AND SEVERANCE":

"BE IT REMEMBERED that on this 8 day of March, 1976, after due notice, the Motion for Summary Judgment of the Defendant and Cross-Defendant, ARTHUR HOLLEN, was regularly presented to the Court for determination. The Court, upon consideration of the record on file, the pleadings, the deposition of Jack Hollen, and the argument of counsel, determined that the Motion was in all things good and should be granted.

" .   .   . .

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that as to the Defendant and Cross-Defendant, ARTHUR HOLLEN, this cause be severed and dismissed, and that Summary Judgment issue as to said Defendant and Cross-Defendant, ARTHUR HOLLEN. The remaining case of JUAN HERNANDEZ, INDIVIDUALLY A/N/F JANET HERNANDEZ AND DORIS BARCLAY, INDIVIDUALLY A/N/F DONA BARCLAY vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and JACK HOLLEN shall remain pending under Cause Number 1,021,766.

"The cause of action of Plaintiffs' JUAN HERNANDEZ, INDIVIDUALLY and JANET HERNANDEZ, A MINOR, BY AND THROUGH HER NEXT FRIEND JUAN HERNANDEZ, and DORIS BARCLAY, INDIVIDUALLY and DONA BARCLAY, A MINOR, BY AND THROUGH HER NEXT FRIEND DORIS BARCLAY, and that of Cross-Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is now and hereby severed from the original suit, and the Clerk of this Court is hereby ORDERED and directed to:

"(a) Docket the severed cause under the number '1,021,766–A' with JUAN HERNANDEZ, INDIVIDUALLY A/N/F JANET HERNANDEZ AND DORIS BARCLAY, INDIVIDUALLY A/N/F DONA BARCLAY as Plaintiffs, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as Cross-Plaintiff, and ARTHUR HOLLEN, as Defendant;[2]

" .   .   . .

"APPROVED AS TO FORM AND SUBSTANCE:

"LORANCE, THOMPSON & WITTIG

"BY: /s/ Frank B. Stahl Jr.
      FRANK B. STAHL, JR.
      ATTORNEY FOR DEFENDANT AND CROSS-DEFENDANT ARTHUR HOLLEN

---

2. It was this severed cause of action which was dismissed.

"FLATOW & HINOJOSA

"BY: /s/ Marc Flatow

MARC FLATOW

ATTORNEY FOR PLAINTIFFS

/s/ Signed by Frank B. Stahl Jr.

with express permission of Marc Flatow"

Subsequently, State Farm filed an appeal bond listing itself as appellant and Janet Hernandez, Dona Barclay, and Arthur Hollen as appellees. Neither Janet Hernandez nor Dona Barclay appealed the judgment rendered in favor of Arthur Hollen. It is undisputed that State Farm has made no payments to Janet or Dona.

Arthur Hollen contends that the summary judgment rendered by the trial court in his favor with respect to plaintiffs Janet Hernandez and Dona Barclay has become final thereby destroying the subrogation rights of State Farm. He notes that Janet and Dona were listed on the appeal bond only as appellees and that they did not perfect any appeal from the summary judgment rendered against them and concludes that the summary judgment has become final.

■ Though not presented in its brief, State Farm, however, contended during oral argument before this court that no final judgment had been rendered as to Janet's and Dona's causes of action against Arthur Hollen. State Farm notes that numerous decisions by Texas courts have established that in order for a court to render a summary judgment pursuant to Rule 166–A of the Texas Rules of Civil Procedure, there must be a motion for summary judgment. *Cowan v. Woodrum,* 472 S.W.2d 749 (Tex.1971); *Hinojosa v. Edgerton,* 447 S.W.2d 670 (Tex.1969); *Hudgens v. Texas Casualty Insurance Company,* 465 S.W.2d 832 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); *Republic Nat. Bank of Dallas v. Southern Brokerage Co.,* 338 S.W.2d 295 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.). It is true that in the instant case the summary judgment motion made by Arthur Hollen requests only a judgment that State Farm take nothing against Arthur Hollen and refers to Janet and Dona only in the style of the cause. However, the order entered by the trial court, entitled "summary judgment," does indeed dispose of the causes of action filed by Janet and Dona against Arthur Hollen. While the order may have been styled "summary judgment," the court should look beyond that title to determine whether it was in fact a "summary judgment." It appears from the order actually entered that the attorney for Janet and Dona approved the order as to form and substance. Such approval thus makes this order in reality an order entered by agreement with respect to the plaintiffs Janet and Dona rather than a summary judgment. Therefore the cases relied upon by State Farm are inapplicable. It is clear, then, that a judgment was rendered against Janet and Dona and, since they did not perfect any appeal from such judgment, it has become final. Rule 329b, Texas Rules of Civil Procedure.

■ Since there does exist a final judgment with respect to the causes of action of Janet and Dona against Arthur Hollen which releases Hollen from any liability to those plaintiffs, then the subrogation rights of State Farm are destroyed by that final judgment. As stated in *Williams v. Advanced Technology Ctr., Inc.,* 537 S.W.2d 531, 533 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.), "where an insured settles with or releases a wrongdoer from liability for a loss before payment of the loss has been made by the insurance company, the latter's right of subrogation is thereby destroyed." *Accord, Grove Mfg. Co. v. Cardinal Const. Co.,* 534 S.W.2d 153 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.). Accordingly, the question of whether there was any question of fact as to whether Arthur Hollen negligently entrusted the automobile to Jack Hollen is not reached.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.