INTERNATIONAL MEDICAL SALES,
INC., Appellant,

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA and Quadrant
Properties, Inc., Appellees.

No. 05-84-00667-CV.

Court of Appeals of Texas,
Dallas.

April 8, 1985.

Clint A. Corrie, Maxwell, Godwin & Carlton, Dallas, for appellant.

Luke Ashley, Thompson & Knight, Dallas, for appellees.

Before SPARLING, WHITHAM and DEVANY, JJ.

WHITHAM, Justice.

Appellant-tenant, International Medical Sales, Inc., appeals from a summary judgment rendered in favor of appellee-landlords, Prudential Insurance Company of America and Quadrant Properties, Inc. We conclude that the trial court erred in rendering summary judgment. Accordingly, we reverse and remand.

Tenant brought this suit to recover for damages to its stock, inventory, furnishings and equipment incurred when the real property it leased from landlords caught fire. Tenant alleged that the landlords were negligent in their inspection of the premises.

Landlords sought summary judgment based on a waiver of subrogation clause contained in the lease which provides:

26. Waiver of Subrogation. Anything in this lease to the contrary notwithstanding, the parties hereto hereby waive any and all rights of recovery, claim, action, or cause of action, against each

other, their agents, officers, and employees, for any loss or damage that may occur to the premises hereby demised or any improvements thereto or said building of which the premises are a part, or any improvements thereto by reason of fire, the elements, or any other cause which could be insured against under the terms of standard fire and extended coverage insurance policies, regardless of cause or origin, including negligence of the parties hereto, their agents, officers, and employees.

Landlords assert that paragraph twenty-six of the lease must be read together with paragraph fourteen of the lease reading:

14. Casualty insurance. Landlord shall at all times during the term of this lease maintain a policy or policies of insurance with the premiums thereon fully paid in advance, issued by and binding upon some solvent insurance company, insuring the building against loss or damage by fire, explosion, or other hazards and contingencies for the full insurable value thereof; provided that landlord shall not be obligated to insure any furniture, equipment, machinery, goods or supplies not covered by this lease which tenant may bring or obtain upon the leased premises or any additional improvements which tenant may construct thereon.

Landlords argue that a reading of the two paragraphs together indicates that the parties intended that landlords would insure against casualty loss to the building and improvements, that tenant would insure against casualty loss to property not covered by the lease, and that both would look exclusively to their respective insurance carriers for indemnity of casualty loss. Tenant contends that when construed in light of paragraph fourteen, the waiver of subrogation clause waives rights of recovery in causes of action for losses and damages to the "premises, improvements to the premises, or to the building itself" and does not waive rights of subrogation with respect to losses or damages to the "furniture, equipment, machinery, goods or supplies ... which the tenant may bring or obtain upon the premises." Maintaining

that the waiver of subrogation clause makes that distinction, tenant complains that the trial court erred in granting the landlords motion for summary judgment as to its claims for damage to its stock inventory, furnishings and equipment.

■ Waiver of subrogation clauses in lease agreements are enforced by Texas courts. *See International Insurance Co. v. Medical Professional Building of Corpus Christi*, 405 S.W.2d 867 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.) and *Williams v. Advanced Technology Center, Inc.*, 537 S.W.2d 531 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). Landlords argue that the waiver of subrogation clause in the present case is similar to that in *Williams* in which the trial court granted motion for summary judgment and the court of civil appeals affirmed. The lease clause in *Williams* read:

Each party hereto hereby waives any and every claim which arises or may arise in its favor and against the other party hereto during the term of this lease or any extension or renewal thereof for any and all loss of, or damage to, *any of its property* located within or upon, or constituting a part of, the premises leased to the Tenant hereunder, which loss or damage is covered by valid and collectible fire and extended coverage insurance policies, to the extent that such loss or damage is recoverable under said insurance policies. Said mutual waivers shall be in addition to, and not in limitation or derogation of, any other waiver or release contained in this lease with respect to any loss or damage to property of the parties hereto. Inasmuch as the above mutual waivers will preclude the assignment of any aforesaid claim by way of subrogation (or otherwise) to an insurance company (or any other person), each party hereto hereby agrees immediately to give to each insurance company which has issued to it policies of fire and extended coverage insurance written notice of the terms of said mutual waivers, and to have said insurance policies properly endorsed, if necessary, to prevent

the invalidation of said insurance coverage by reason of said waivers. [emphasis ours].

*Williams*, 537 S.W.2d at 532. In *Williams*, each party waived as to "any of its property." In the present case, the parties waived as to "the premises hereby demised or any improvements thereto or said building of which the premises are a part, or any improvements thereto." Thus, the property subject to the waiver is more restricted in the present case than was the situation in *Williams*. In *Williams*, reference to any property of both lessor and lessee includes real property as well as personal property. In the present case, however, we conclude that the clause refers to concepts of real property and omits reference to personal property. Thus, we conclude further that if the parties had intended to include items of personal property such as tenant's stock, inventory, furnishings, and equipment they would have said so by writing a clause such as in *Williams* whereby each party waived as to "any of its property." Instead, landlords in the present case would have us rewrite the clause so as to provide that each party waived as to "furniture, equipment, machinery, goods or supplies which the tenant may bring or obtain upon the leased premises." We decline to do so. The courts cannot make contracts for the parties. *Weitzman v. Steinberg*, 638 S.W.2d 171, 175 (Tex.App.—Dallas 1982, no writ.)

We conclude that the waiver of subrogation clause in the present case does not preclude recovery by tenant on its claims for damages to its stock, inventory, furnishings and equipment as a matter of law. It follows, and we so hold, that the trial court erred in rendering summary judgment for landlords. Tenant, however, did not move for summary judgment. Therefore, we cannot render judgment here for tenant because the case has never been tried. We cannot render a summary judgment in favor of a party who has not moved for summary judgment in the trial court, and neither can we render judgment as a matter of law when no trial has taken place. Consequently, we can only reverse the judgment and remand the cause to the trial court for further proceedings in accordance with this opinion. *Valley Forge Life Insurance Co. v. Republic National Life Insurance Co.*, 579 S.W.2d 271, 276 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.).

Accordingly, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings in accordance with this opinion.