TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-97-00163-CV







Michigan Mutual Insurance Company; Bryttanie Nicole Deitrick; Tamera Lee Deitrick;


and Jessica Mychelle Woodard, as Natural Parent and Next Friend of Bryttanie Nicole


Deitrick and Tamera Lee Deitrick, Minors, Appellants



v.



Charles R. Roberts, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-05793, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 The opinion and judgment issued by this Court on December 4, 1997, are withdrawn, and
the following opinion is substituted in lieu thereof.

 This appeal concerns the issue of subrogation rights under the workers' compensation
statute. Following a fatal car accident, the appellant, Michigan Mutual Insurance Company ("Michigan"),
paid death benefits to the family of the decedent, Thomas Deitrick, which included his wife, Jessica
Mychelle Deitrick (the widow, since remarried and now named Jessica Mychelle Woodard) and the
Deitricks' minor children Bryttanie Nicole Deitrick and Tamera Lee Deitrick. The Deitricks settled their
liability case with the automobile accident defendant, Charles R. Roberts, appellee, without notifying
Michigan of the settlement or paying Michigan any portion of the proceeds. Michigan sued to enforce its
subrogation rights in its own name as well as in the name of the Deitricks. The trial court granted summary
judgment for Roberts and Michigan appeals. (1) We will affirm the judgment of the trial court.


BACKGROUND

 Michigan was the workers' compensation carrier and the automobile liability insurance
carrier for Thomas Deitrick's employer, Davis Tire Company. On August 23, 1990, Deitrick was killed
when his vehicle collided head-on with a vehicle driven by Roberts. The vehicle being driven by Roberts
had crossed the center line and was traveling in the wrong lane when the accident occurred. Roberts was
charged with criminally negligent homicide. Because Deitrick was in the course and scope of his
employment with Davis Tire at the time of the accident, Michigan became obligated to pay workers'
compensation death benefits to his beneficiaries. On or before September 3, 1990, Michigan began paying
workers' compensation death benefits to Deitrick's widow and the couple's children. Mychelle Deitrick
remarried, received a lump sum payment, and no longer receives weekly benefits. However, Michigan 
is currently paying weekly benefits to the minor children in the amount of $224.05, and will be obligated
to do so until the children reach age 18, and potentially to age 25. 


 In addition to the workers' compensation death benefits, Michigan paid policy limits of
$300,000.00 in underinsured motorist benefits to the beneficiaries of Deitrick. Of this total, $120,000.00
was paid to the two minor children and the remainder was divided evenly to pay the widow, and the
deceased's parents Richard F. Deitrick and Elizabeth A. Sanders. After receiving a notarized certificate
of coverage from an adjuster with State Farm Mutual Insurance Company, Roberts' insurance carrier, that
Roberts only had $20,000.00 in liability insurance coverage, Michigan settled the underinsured motorist
claim by an agreed final judgment and paid the uninsured motorist policy limits to the Deitrick beneficiaries,
despite the fact that State Farm had not yet tendered its limits.

 Meanwhile, State Farm was on notice that Michigan had a subrogation interest in the
workers' compensation and underinsured motorist benefits. However, State Farm settled on behalf on
Roberts with the beneficiaries of Deitrick without notifying Michigan of the settlement or intent to settle and
without reimbursing any of Michigan's subrogation interest. Robert's attorney filed a "friendly suit" to set
up an ad litem hearing and obtain an agreed judgment disbursing the settlement funds from Roberts and
State Farm. Michigan was not a party to and did not receive any notice of the suit or hearing. On
September 29, 1992, Jessica Deitrick, in her individual capacity and as next friend of her two minor
children, executed a "Full, Final and Complete Compromise Settlement, Release and Indemnity
Agreement" in favor of Roberts and State Farm. On that same date, final judgment was rendered on the
settlement agreement. 

 On May 20, 1996, almost four years later, Michigan filed suit against Roberts on a
subrogated negligence claim for the minor children and on multiple fraud-based causes of action based on
the disbursement of trust monies belonging to Michigan. Subsequently, Michigan amended its petition to
also assert its claims against Jessica Mychelle Deitrick, individually and as natural parent and next friend
of her minor children Bryttanie and Tamera Deitrick and against Thomas' parents Richard F. Deitrick and
Elizabeth Sanders. (2) Roberts moved for summary judgment on all the claims raised against him, arguing that
the causes of action other than the fraud-based claims were barred by a two-year statute of limitations, and
further that there was no factual basis for the fraud-based causes of action. Michigan responded and
asserted that any release by the children did not bar Michigan's claims against Roberts and furthermore,
that any subsequent judgment in favor of Roberts pertaining to the children's causes of action would have
no preclusive effect on the rights of Michigan. By way of a supplemental brief in support of his motion for
summary judgment, Roberts further alleged that his release from the Deitrick's and the friendly suit
judgment barred Michigan's claims. The trial court granted summary judgment without specifying the
grounds for the decision. Then the court severed all other parties and the claims against them, thereby
disposing of all claims against Roberts with finality and rendering this cause ripe for our consideration on
appeal. City of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex. 1985). 


STANDARD OF REVIEW

 The standards for reviewing summary judgment are well established: (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If a defendant
conclusively negates one of the essential elements of the plaintiff's cause of action as a matter of law,
summary judgment is proper. Goldberg v. United States Shoe Corp., 775 S.W.2d 751, 752 (Tex.
App.--Houston [1st Dist.] 1989, writ denied). The purpose of summary judgment is not to deprive
litigants of their right to a full hearing on the merits of any real issue of fact. Gulbenkian v. Penn, 252
S.W.2d 929, 931 (Tex. 1952). When the trial court's summary judgment order does not specify the
ground on which the summary judgment is granted, an appellate court will affirm the judgment if any ground
stated in the motion is meritorious. Carr v. Brasher, 776 S.W.2d 567, 568 (Tex. 1989). 


DISCUSSION

 The trial court rendered summary judgment for Roberts based upon the failure of Michigan
to file suit within the limitations period. In an effort to avoid the statute of limitations defense, Michigan
asserts that it brings this suit not only in its own name but also on behalf of Tamera and Bryttanie Deitrick,
both of whom are minors. However, we determine that Roberts conclusively proved his entitlement to
summary judgment because any potential causes of action of the minor plaintiffs were barred by a release
and agreed judgment rendered in favor of Roberts. The release of September 29, 1992, was signed by
Jessica Mychelle Deitrick individually and as natural parent and next friend of her minor children, Tamera
and Bryttanie. The terms of the release relinquished all claims which the Deitricks had against Roberts. 
The crux of Michigan's challenge to the trial court's judgment lies in the assertion that Michigan is entitled
to the first dollars of any settlement monies paid by Roberts or his insurance carrier. However, our review
of the record reveals that the settlement, release and indemnity agreement signed by Jessica Deitrick
relinquished any rights that she and her children would have had against Roberts. The agreement provides
as follows:


IN CONSIDERATION OF THE PRESENT PAYMENT OF THE TOTAL SUM OF
twenty thousand dollars and no/100 ($20,000.00) as recited herein, in hand paid by
Charles Roberts ("Payer") to Jessica Mychelle Deitrick, Individually and as natural Parent
and Next Friend for Tamara Lee Deitrick and Bryttanie Nicole Deitrick, Minors, or to
others for their benefit or for the benefit of Tamara Lee Deitrick and Bryttanie Nicole
Deitrick, Minors ("Payees"), said Payees . . . RELEASE, ACQUIT AND FOREVER
DISCHARGE said Payer . . . from any and all consequences, claims, demands, and
causes of action of whatsoever nature . . . for or on account of injuries and damages that
occurred as a result of an automobile accident which occurred on or about August 23,
1990, . . . when Plaintiffs' husband and father, Thomas Lee Deitrick, was killed. . . . 



Further, the trial court's agreed judgment embraces the terms of the agreement and provides "that said
compromise Settlement Agreement is just, fair and reasonable, it is ORDERED, ADJUDGED AND
AGREED that . . . it is hereby, approved and confirmed." Hence, the terms of the agreement and judgment
left the minor children with no rights to which Michigan could be subrogated. See Hollen v. State Farm
Mut. Auto. Ins. Co., 551 S.W.2d 46, 49 (Tex. 1977) (citing Williams v. Advanced Technology Ctr.,
Inc., 537 S.W.2d 531, 533 (Tex. Civ. App.--Eastland 1976, writ ref'd n.r.e.) (an insured's settlement
or release of wrongdoer from liability for a loss before payment of the loss has been made by the insurance
company, destroys the insurance company's right of subrogation)). Therefore all attempts by Michigan to
enforce subrogation rights in the name of the minor children fail. 

 Unless set aside or canceled, a valid settlement agreement and a release constitute a
complete bar to any later actions based on matters included in the settlement agreement covered by the
release. Community Dev. Const. Corp. v. Fleetwood, 640 S.W.2d 331, 334 (Tex. App.--Houston
[1st Dist.] 1982, writ ref'd n.r.e.); Atkins v. Womble, 300 S.W.2d 688 (Tex. Civ. App.--Dallas 1957,
writ ref'd n.r.e.). Releases and consent judgments are separate and independent contracts, unless there
is an agreement to the contrary and both are independently effective to bar causes of action relinquished
therein. Stewart v. Mathes, 528 S.W.2d 116 (Tex. Civ. App.--Beaumont 1975, no writ). Accordingly,
we conclude that Michigan's claims against Roberts are time-barred by the statute of limitations. (3) 


CONCLUSION

 The judgment of the trial court is affirmed. 



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 29, 1998

Do Not Publish

1. When being referred to collectively, Michigan and the Deitricks, for convenience will be referred
to as "appellants."
2. In plaintiffs' first amended petition, Michigan sought relief from all of Deitrick's beneficiaries that
were parties to the settlement agreement with Roberts and State Farm, the insurance carrier for Roberts,
pertaining to their claim for damages as a result of the accident.
3. We express no opinion on what causes of action, if any, Michigan might have or against what
parties those actions might lie. We only mean to express the opinion that the causes made subject of this
appeal no longer exist against Roberts. 


t Michigan is entitled
to the first dollars of any settlement monies paid by Roberts or his insurance carrier. However, our review
of the record reveals that the settlement, release and indemnity agreement signed by Jessica Deitrick
relinquished any rights that she and her children would have had against Roberts. The agreement provides
as follows:


IN CONSIDERATION OF THE PRESENT PAYMENT OF THE TOTAL SUM OF
twenty thousand dollars and no/100 ($20,000.00) as recited herein, in hand paid by
Charles Roberts ("Payer") to Jessica Mychelle Deitrick, Individually and as natural Parent
and Next Friend for Tamara Lee Deitrick and Bryttanie Nicole Deitrick, Minors, or to
others for their benefit or for the benefit of Tamara Lee Deitrick and Bryttanie Nicole
Deitrick, Minors ("Payees"), said Payees . . . RELEASE, ACQUIT AND FOREVER
DISCHARGE said Payer . . . from any and all consequences, claims, demands, and
causes of action of whatsoever nature . . . for or on account of injuries and damages that
occurred as a result of an automobile accident which occurred on or about August 23,
1990, . . . when Plaintiffs' husband and father, Thomas Lee Deitrick, was killed. . . . 



Further, the trial court's agreed judgment embraces the terms of the agreement and provides "that said
compromise Settlement Agreement is just, fair and reasonable, it is ORDERED, ADJUDGED AND
AGREED that . . . it is hereby, approved and confirmed." Hence, the terms of the agreement and judgment
left the minor children with no rights to which Michigan could be subrogated. See Hollen v. State Farm
Mut. Auto. Ins. Co., 551 S.W.2d 46, 49 (Tex. 1977) (citing Williams v. Advanced Technology Ctr.,
Inc., 537 S.W.2d 531, 533 (Tex. Civ. App.--Eastland 1976, writ ref'd n.r.e.) (an insured's settlement
or release of wrongdoer from liability for a loss before payment of the loss has been made by the insurance
company, destroys the insurance company's right of subrogation)). Therefore all attempts by Michigan to
enforce subrogation rights in the name of the minor children fail. 

 Unless set aside or canceled, a valid settlement agreement and a release constitute a
complete bar to any later actions based on matters included in the settlement agreement covered by the
release. Community Dev. Const. Corp. v. Fleetwood, 640 S.W.2d 331, 334 (Tex. App.--Houston
[1st Dist.] 1982, writ ref'd n.r.e.); Atkins v. Womble, 300 S.W.2d 688 (Tex. Civ. App.--Dallas 1957,
writ ref'd n.r.e.). Releases and consent judgments are separate and independent contracts, unless there
is an agreement to the contrary and both are independently effective to bar causes of action relinquished
therein. Stewart v. Mathes, 528 S.W.2d 116 (Tex. Civ. App.--Beaumont 1975, no writ). Accordingly,
we conclude that Michigan's claims against Roberts are time-barred by the statute of limitations. (3) 


CONCLUSION

 The judgment of the trial court is affirmed.