

# NUMBER 13-21-00327-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CYNTHIA SCHLAPPER,                                    Appellant,

v.

KREFT PROPERTIES, LLC,
LISA KREFT, AND ERIC KREFT,                         Appellees.

## On appeal from the County Court at Law No. 2
## of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Peña**

Appellant Cynthia Schlapper appeals a summary judgment in favor of appellees Kreft Properties, LLC, Lisa Kreft, and Eric Kreft on their trespass claim and against Schlapper on her claims under the Theft Liability Act, *see* TEX. CIV. PRAC. & REM. CODE

ANN. §§ 134.001–.005, and for malicious prosecution. In five issues, which we treat as two, Schlapper argues that the trial court erred in: (1) granting summary judgment on appellees' trespass claim; and (2) awarding attorney's fees because there is insufficient evidence supporting the award and appellees failed to segregate their fees. Schlapper does not appeal the dismissal of her affirmative claims. We affirm in part and reverse and remand in part.[1]

## I. BACKGROUND

Lisa and Eric are managers of Kreft Properties, LLC, an entity that managed certain property on Lake Travis in Travis County, Texas. At all relevant times, the property was owned by Kreft, LLC,[2] a California entity managed solely by Eric. Schlapper sued appellees under the Theft Liability Act and for malicious prosecution, alleging that appellees removed her personal property from Schlapper's easement that spanned the subject property and filed an unwarranted criminal trespass charge against her. Appellees filed a general denial as well as a counterclaim for civil trespass.

Appellees later filed a combined no-evidence and traditional motion for summary judgment seeking dismissal of Schlapper's claims and a judgment for appellees' civil trespass claim.[3] Appellees argued that Schlapper's easement was limited to ingress and egress to access Lake Travis. They contended that Schlapper trespassed on their

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] Kreft, LLC is not a party to this litigation.

[3] The trial court granted appellees' previous motion for summary judgment, but it later granted Schlapper's motion for reconsideration and withdrew the order. Appellees subsequently filed an amended motion for summary judgment to which Schlapper responded.

property by exceeding the scope of the easement and that they had the right to remove personal property that Schlapper left on their land. Appellees maintained that no evidence supported Schlapper's claim under the Theft Liability Act and for malicious prosecution. Appellees further argued that Schlapper's affirmative claims were barred by res judicata because an earlier judgment restricted Schlapper's easement to a specific twenty-foot strip and prohibited her from placing personal property on the easement. Appellees attached the following exhibits to their motion: (1) affidavit testimony; (2) earlier adverse judgments against Schlapper; and (3) deed records.

Schlapper filed a response arguing that appellees failed to establish their entitlement to judgment as a matter of law on their counterclaim for civil trespass. Specifically, Schlapper argued that, according to appellees' summary judgment evidence, Kreft, LLC, a non-party to the suit, owned the subject property at the time of the trespass. Therefore, Schlapper contended that appellees could not establish that they owned or had a lawful right to possess the property during the relevant time. Schlapper also noted that Kreft Properties, LLC did not acquire ownership until after the alleged trespass ceased and that the right to sue for trespass does not pass to a subsequent purchaser. Schlapper further argued that appellees presented no evidence that they had a right to immediate possession of the property at the time of the alleged trespass. In the alternative, Schlapper contended that appellees' trespass claim was barred by the two-year statute of limitations. Schlapper supported her motion with her affidavit testimony and records showing she paid for electricity running to the site.

The trial court signed an order granting appellees' motion for summary judgment,

concluding that Schlapper is liable for civil trespass, and dismissing each of her claims. The trial court stated that appellees' claim for attorney's fees would be decided later. Appellees then filed a submission of proof for the award of attorney's fees through trial and on appeal. The submission contained itemized billing records as well as the affidavit of appellees' counsel, Paul Morin. Morin claimed reasonable and necessary attorney's fees in the amount of $26,025 for services rendered through judgment. Morin attested that the following conditional award of appellate fees were necessary and reasonable: $20,000 if appealed to the court of appeals; $5,000 for oral argument in the court of appeals; $5,000 if a motion for rehearing or for en banc reconsideration is filed; $20,000 if a petition for review is filed in the Supreme Court of Texas; $10,000 for merits briefing; $5,000 for oral argument; and $5,000 if a response is requested to a motion for rehearing. Schlapper filed a response to the submission of attorney's fees, arguing that appellees' evidence was insufficient to support the recovery of fees and that appellees failed to segregate their fees because they were only entitled to attorney's fees under the Theft Liability Act.

The trial court signed a final judgment awarding the requested attorney's fees to appellees. This appeal followed.

## II.    CIVIL TRESPASS

In her first issue, Schlapper argues that the trial court erred in granting summary judgment in favor of appellees on their civil trespass claim because appellees did not own the subject property when the trespass occurred and the claim is barred by limitations. We first address Schlapper's contention that appellees did not establish ownership of the

4

subject property.

## A.     Standard of Review & Applicable Law

We review the trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A plaintiff movant must conclusively prove all essential elements of its cause of action as a matter of law. *Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021). "The non-movant has no burden to respond to a motion for summary judgment unless the movant conclusively establishes each element of its cause of action as a matter of law." *Wyrick v. Bus. Bank of Tex., N.A.*, 577 S.W.3d 336, 346 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999)).

If the plaintiff movant establishes its cause of action as a matter of law, then the burden shifts to the defendant "to present to the trial court any issues or evidence that would preclude summary judgment." *Duncan v. Hindy*, 590 S.W.3d 713, 719 (Tex. App.—Eastland 2019, pet. denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

To establish a civil trespass claim, a plaintiff must show: (1) it owns or has a lawful right to possess real property; (2) the defendant entered the plaintiff's land and the entry

5

was physical, intentional, and voluntary; and (3) the defendant's trespass caused injury to the plaintiff. *Lyle v. Midway Solar, LLC*, 618 S.W.3d 857, 875 (Tex. App.—El Paso 2020, pet. denied) (quoting *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied)).

**B.    Analysis**

Appellees' summary judgment evidence establishes that Schlapper's alleged trespass ceased on July 1, 2019. Appellee, Kreft Properties, LLC, did not acquire ownership until July 3, 2019. Prior to that, Kreft, LLC owned the property. "A cause of action for injury to real property is a personal right that belongs solely to the owner of the property at the time the alleged injuries occurred." *Gleason v. Taub*, 180 S.W.3d 711, 713 (Tex. App.—Fort Worth 2005, pet. denied) (first citing *Senn v. Texaco, Inc.*, 55 S.W.3d 222, 225 (Tex. App.—Eastland 2001, pet. denied); then citing *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686 (Tex. App.—Austin 1980, writ ref'd n.r.e.)). "[T]he right to sue does not pass to a subsequent purchaser of the property unless there is an express assignment of the cause of action." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 424 (Tex. 2010). Accordingly, Kreft Properties, LLC's later acquisition of the property did not give it the right to pursue Kreft, LLC's trespass claim and appellees presented no evidence that Kreft, LLC otherwise assigned the cause of action. Further, appellees presented no evidence that their management role with Kreft, LLC included a right of possession such that they could exclude others from the property.[4] *See N. Shore Energy,*

---

[4] Appellees presented evidence that Eric is the manager of Kreft, LLC, while Lisa and Eric are both managers of Kreft Properties, LLC. Appellees did not present evidence showing that Lisa and Eric are also *owners* of the LLCs. At any rate, "[i]t is well-settled that an individual stakeholder in a legal entity does not

6

*L.L.C. v. Harkins*, 501 S.W.3d 598, 605 (Tex. 2016) (per curiam) ("To prove a trespass claim, the plaintiff must show that it owned the property or had a right to exclude others from the property.").

We conclude that appellees failed to establish that they owned or had the right to possess the property when the trespass occurred, an essential element of their trespass claim. *See Draughon*, 631 S.W.3d at 87. Therefore, the trial court erred in granting summary judgment on this claim.[5] Because our resolution of this argument is dispositive, we need not address Schlapper's remaining argument concerning limitations. *See* TEX. R. APP. P. 47.1. We sustain Schlapper's first issue.

### III.    ATTORNEY'S FEES

In her second issue, Schlapper argues that the trial court erred in awarding attorney's fees because the award was supported by insufficient evidence and appellees failed to segregate their fees for work performed in defending against her Theft Liability Act claim, which was the only legal basis for the award of attorney's fees. Because it is dispositive, we address whether appellees were required to segregate their fees.

### A.    Segregation of Fees

Attorney's fees are recoverable only when provided for by statute or the parties'

---

have a right to recover personally for harms done to the legal entity." *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (first citing *BJVSD Bird Fam. P'ship, L.P. v. Star Elec., L.L.C.*, 413 S.W.3d 780, 785–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.); then citing *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.—Dallas 2005, no pet.)).

[5] Schlapper argues that we should render judgment dismissing this claim. However, Schlapper did not file her own summary judgment motion seeking such relief, therefore, we are required to remand the proceedings to the trial court. *See Int'l Med. Sales, Inc. v. Prudential Ins. Co. of Am.*, 690 S.W.2d 84, 86 (Tex. App.—Dallas 1985, no writ); *see also Gore v. Smith*, No. 05-19-00156-CV, 2020 WL 4435312, at *8, n.3 (Tex. App.—Dallas Aug. 3, 2020, pet. denied) (mem. op).

contract; therefore, a fee claimant must segregate attorney's fees that are recoverable from those that are not. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310, 314 (Tex. 2006). "An exception exists only when the fees are based on claims arising out of the same transaction that are so intertwined and inseparable as to make segregation impossible." *Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017) (quoting *Chapa*, 212 S.W.3d at 313–14). However, "it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Chapa*, 212 S.W.3d at 313–14.

In determining whether fees are so intertwined that they need not be segregated, "we do not look at the legal work as a whole but parse the work into component tasks, such as examining a pleading paragraph by paragraph to determine which ones relate to recoverable claims." *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 144 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see Chapa*, 212 S.W.3d at 313 (stating that when plaintiff's attorneys were "drafting [plaintiff's] pleadings or the jury charge relating to fraud, there is no question those fees were not recoverable"). The party seeking recovery of attorney's fees bears the burden to demonstrate that segregation is not required. *Sustainable Tex. Oyster Res. Mgmt., LLC. v. Hannah Reef, Inc.*, 623 S.W.3d 851, 872 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). When segregation is required, attorneys do not have to keep separate time records for each claim. *Chapa*, 212 S.W.3d at 314. Rather, an attorney's opinion that a certain percentage of the total time was spent on the claim for which fees are recoverable will suffice. *Id.*

**B. Analysis**

Appellees concede they were only entitled to recover attorney's fees for their successful defense of the Theft Liability Act claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) ("Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees."). Nevertheless, appellees argue that they were not required to segregate their fees because "the proof required to defeat [Schlapper's] claim[s] was the same as the proof required to prevail on their own." However, appellees fail to explain how their claims "are so intertwined" with and so "inseparable" from the other claims "as to make segregation impossible," which is what they are required to show. *See Kinsel*, 526 S.W.3d at 427. Rather, the record demonstrates otherwise.

Appellees own billing records demonstrate that at least some of the work performed by their counsel related solely to claims for which attorney's fees are unrecoverable, such as drafting appellees' counterclaim for civil trespass and revising appellees' motion for summary judgment to address the trespass claim. *See Hannah Reef*, 623 S.W.3d. at 874 (concluding that a party seeking attorney's fees must segregate fees for drafting portions of petitions relating solely to three tort claims for which fees are not recoverable); *CA Partners v. Spears*, 274 S.W.3d 51, 84 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (noting that each counterclaim, including claims for which attorney's fees were unrecoverable, required drafting separate portions of the pleadings, separate legal research, and possibly separate discovery requests, and the party was therefore required to segregate fees).

9

We conclude that appellees were required to segregate their attorney's fees. However, their failure to do so does not preclude a recovery of attorney's fees. *See Kinsel*, 526 S.W.3d at 428. Rather, the appropriate remedy is to remand the issue to the trial court "for reconsideration with sufficiently detailed information for a meaningful review of the fees sought." *Id.*; *Chapa*, 212 S.W.3d at 314 ("Unsegregated attorney's fees for the entire case are some evidence of what the segregated amount should be."). Our reversal of the attorney's fees award includes both the attorney's fees incurred during the trial-court proceedings and the conditional appellate attorney's fees. *See Hannah Reef*, 623 S.W.3d at 874 (citing *Prudential Ins. v. Durante*, 443 S.W.3d 499, 515 (Tex. App.—El Paso 2014, pet. denied) (reversing and remanding appellate attorney's fees when appeal was partially successful based on segregation-of-fees issue)).

Because we are remanding for a redetermination of attorney's fees, we need not address Schlapper's contention that there is insufficient evidence supporting the trial court's award. *See* TEX. R. APP. P. 47.1. We sustain Schlapper's second issue.

## IV. CONCLUSION

We reverse that portion of the trial court's judgment in favor of appellees on their trespass claim as well as the award of attorney's fees, and we remand the case for further proceedings consistent with this memorandum opinion. We affirm the portion of the judgment dismissing Schlapper's claims under the Theft Liability Act and for malicious prosecution, which are unchallenged on appeal.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
19th day of October, 2023.